# Swanwick v. Monongahela City, Appellant.

*Negligence—Municipalities—Defect in highway—Contributory negligence—Evidence—Question for jury.*

A person who knows a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect.

The plaintiff, in an action founded on the alleged negligence of an other, does not assume the burden of disproving any contributory negligence upon his own part. Ordinarily the burden of establishing the facts upon which such negligence may be predicated is cast upon the party who takes defense on that ground. But when contributory negligence is sufficently disclosed by the plaintiff's own evidence, of course, the defendant is relieved from the necessity of proving it. But even in such a case, unless the facts on which the alleged negligence rests are admitted, or established by evidence which is undisputed, the court may not declare, as matter of law, that such negligence exists, but must submit the question, under proper instructions, to the jury.

In an action against a city to recover damages for personal injuries sustained by the plaintiff while riding in a wagon which sank into a deep hole in the road, the question of the plaintiff's contributory negligence is for the jury, where the evidence shows that the road was an ordinary unimproved country road with a succession of bumps and holes; that at the time of the accident it was so covered with mud and slush that it was hard to detect bad spots until the wheel was in them; that the plaintiff knew that the road was bad, but stated that he did not know that it was actually dangerous, and declared that he had never seen the especially deep hole which caused the accident, and that it was not to be discovered before the wheel went into it because of the mud and slush; that this was the only road he had to travel, and that at the time he was using reasonable care to avoid any injury from the jolting likely to be caused by the conditions he anticipated.

Argued April 21, 1908. Appeal, No. 30, April T., 1908, by defendant, from judgment of C. P. Washington Co., Aug. T., 1906, No. 110, on verdict for plaintiff in case of Thomas Swanwick v. Monongahela City. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TAYLOR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $425. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*C. E. Gibson,* with him *Charles G. McIlvain* and *W. K. Vance,* for appellant.—It is the duty of the plaintiff to show a case clear of contributory negligence on his part before he can recover: Waters v. Wing, 59 Pa. 211; Township of Crescent v. Anderson, 114 Pa. 643; Dean v. Penna. R. R. Co., 129 Pa. 514.

A traveler over a highway is not justified in braving a known danger, and holding the municipality for damages, and a person who knows of defects in a highway and voluntarily undertakes to test them cannot recover against the municipal authorities for losses incurred through such defects: Forks Twp. v. King, 84 Pa. 230; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; City of Erie v. Magill, 101 Pa. 616; Township of Crescent v. Anderson, 114 Pa. 643; Boyle v. Mahanoy City, 187 Pa. 1; Hill v. Tionesta Twp., 146 Pa. 11; Bailey v. Brown Twp., 190 Pa. 530; Mueller v. Ross Twp., 152 Pa. 399; Winner v. Oakland Twp., 158 Pa. 405; Haven v. Bridge Co., 151 Pa. 620; Shallcross v. Philadelphia, 187 Pa. 143.

In this case the evidence concerning the material facts was not conflicting and presented the facts upon which the case depended clearly and distinctly, and it was a proper case for

binding instructions: Barnes v. Sowden, 119 Pa. 53; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Monongahela City v. Fischer, 111 Pa. 9; Warner v. Ry. Co., 141 Pa. 615.

*Vernon Hazzard,* for appellee.—What is and what is not negligence in a particular case is a question for the jury, when the measure of duty is ordinary and reasonable care: Nanticoke Boro. v. Warne, 106 Pa. 373; Burrell Twp. v. Uncapher, 117 Pa. 353; Smith v. City of New Castle, 178 Pa. 298; Jackson Twp. v. Wagner, 127 Pa. 184; City of Altoona v. Lotz, 114 Pa. 238; Douglass v. Monongahela City Water Co., 172 Pa. 435; Erie City v. Schwingle, 22 Pa. 384; Humphreys v. Armstrong County, 56 Pa. 204; Sprowls v. Morris Township, 179 Pa. 219; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Beatty v. Gilmore, 16 Pa. 463; McCully v. Clarke, 40 Pa. 399; Forker v. Sandy Lake Borough, 130 Pa. 123; Merriman v. Phillipsburg Boro., 158 Pa. 78; Borough of Easton v. Neff, 102 Pa. 474; City of Altoona v. Lotz, 114 Pa. 244.

OPINION BY HEAD, J., July 15, 1908:

It is an established rule of law in Pennsylvania that "a person who knows a defect in a highway, and voluntarily undertakes to test it when it could be avoided, cannot recover against the municipal authorities for losses incurred through such defect:" Forks Twp. v. King, 84 Pa. 230; Hill v. Tionesta Twp., 146 Pa. 11. It is equally clear that the plaintiff, in an action founded on the alleged negligence of another, does not assume the burden of disproving any contributory negligence upon his own part. Ordinarily the burden of establishing the facts upon which such negligence may be predicated is cast upon the party who takes defense on that ground. "But when contributory negligence is sufficiently disclosed by the plaintiff's own evidence, of course, the defendant is relieved from the necessity of proving it:" Sopherstein v. Bertels, 178 Pa. 401. But even in such a case, unless the facts on which the alleged negligence rests are admitted, or established by evidence which is undisputed, the court may not declare, as matter of law, that such negligence exists, but must submit the ques-

tion, under proper instructions, to the jury. The latter course was the one adopted by the learned trial court in the present case, and his refusal to give binding instructions in favor of the defendant constitutes the single error we are asked to correct.

The testimony delivered by the plaintiff is certainly open to the criticism that it is obscure and not free from apparently contradictory statements. It leaves the mind of the reader in some confusion as to the exact meaning intended to be conveyed. Had the jury reached the conclusion that the plaintiff had knowledge of the existence, in the road, of the hole which caused his fall, of its dangerous character and that, in spite of such knowledge, he voluntarily took the risk of attempting to pass it, he could not have justly complained. He had undeniably passed over the road many times both on foot and in the wagon on which he was riding at the time of the accident. He knew the surface of the road was a succession of bumps and holes so that one riding on a high seat, as he was, would be required to hold on if he would be certain of retaining his place. In a word, he knew the road was bad and so covered with mud and slush that it was hard to detect the bad spots until the wheel was in them. More than this cannot, we think, be predicated of the knowledge which he distinctly admits he possessed. Even if there were nothing else in his testimony to qualify these statements or define their significance in the mind of the witness, it would be a harsh rule of law to declare that a man, having that knowledge of an ordinary unimproved country road in the winter time, who undertook to travel it, would thereby convict himself of negligence and thus lose the right to recover against the municipality for an injury suffered, when such right would have been otherwise clear.

But the plaintiff nowhere admits that he regarded the holes of which he knew as actually dangerous, and declares that he had never seen the especially deep hole which caused his accident; that it was not to be discovered before the wheel went into it because of the soft mud and slush with which it was filled, that this was the only road he had to travel and that,

at the time, he was using reasonable care to avoid any injury from the jolting likely to be caused by the conditions he anticipated. These statements of fact necessarily carried the case to the jury because, if true, they made it impossible for the learned trial court to declare, as matter of law, that no man of ordinary prudence and care, would have attempted the trip under the circumstances. None of the cases cited in the able brief for the appellant would have warranted the court in so declaring. An examination of these cases will show that in every one, where the rule we have quoted has been enforced, the standard of duty and measure of care that would have guided and controlled the conduct of a man of reasonable prudence, were so manifest that a refusal to enforce the rule would have been tantamount to a denial of its existence. Thus, in Hill v. Tionesta Twp., 146 Pa. 11, the plaintiff distinctly and repeatedly declared that he knew the road to be unsafe and regarded it as dangerous for any kind of hauling. In Crescent Twp. v. Anderson, 114 Pa. 643, the plaintiff was traveling along a road which had been carried over a ravine by a bridge which had been torn up for repairs, and travel along the ordinary route was thus plainly and effectually closed. The condition of the ravine, above the bridge, was clearly visible to her because it was broad daylight. After calculating the risk she voluntarily assumed it. In Winner v. Oakland Twp., 158 Pa. 405, the plaintiff, having been previously warned that the road was in bad condition, took it and in daylight approached "an obstruction consequent upon a corduroy construction and a ditch washed out," etc. Her son, who was driving, got out and examined it, and came back and reported that it was pretty bad or dangerous, but thought by careful driving he could escape the danger he clearly saw. The plaintiff assented, the attempt was made and the injury followed.

The substantial difference between these cases and that portrayed in the testimony of the plaintiff, last adverted to, seems to us to be patent. If that testimony was true what tribunal, but a jury, could declare that under such conditions ordinary prudence and care would have forbidden the plaintiff, at the close of his day's work, accepting a seat on the

wagon and compelled him to go afoot? The measure of his duty was not fixed and unvarying because the conditions were unusual. The existence of contributory negligence thus became a mixed question of law and fact and was necessarily and properly submitted to the jury.

Judgment affirmed.