# Patterson, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Slippery sidewalk—Contributory negligence—Evidence.*

1. A person who falls on a slippery sidewalk and is injured, cannot be charged with contributory negligence, where the evidence shows that at the place where the accident occurred there was a deposit of grease or soap on the bricks of the sidewalk for a space of about three feet resulting from the discharge of soapy, slimy water and grease from an alley, that this condition had continued for a long time, that the person injured had never passed through the street before, and that he looked and saw the water, but did not see the condition of the bricks beneath it.

2. If the testimony of a plaintiff in an accident case discloses exercise of care, the inconsistent testimony of another of his own witnesses is not sufficient to justify the court in setting aside a verdict for plaintiff and entering judgment n. o. v. for the defendant.

652    PATTERSON, Appellant, *v.* PHILADELPHIA.

Statement of Facts—Opinion of the Court.    [56 Pa. Superior Ct.

Argued Dec. 10, 1913.    Appeal, No. 164, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1909, No. 4,709, for defendant non obstante veredicto in case of William C. Patterson v. City of Philadelphia.    Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.    Reversed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

The jury returned a verdict for plaintiff for $650. Subsequently the court entered judgment for defendant non obstante verdicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas F. Gain,* with him *Alfred L. Cameron,* for appellant, cited: Steck v. Allegheny, 213 Pa. 573; Wertz v. Girardville Borough, 30 Pa. Superior Ct. 260; Glading v. Phila., 202 Pa. 324; Swanwick v. Monongahela, 36 Pa. Superior Ct. 628; Kellow v. Scranton, 195 Pa. 134; Green v. Hollidaysburg, 236 Pa. 430; March v. Phœnixville Boro., 221 Pa. 64.

*John H. Minds,* assistant city solicitor with him *Joseph A. Dolan* and *Michael J. Ryan,* city solicitor, for appellee, cited: Robb v. Connellsville Borough, 137 Pa. 42.

OPINION BY HENDERSON, J., April 20, 1914:

The plaintiff recovered a judgment for an injury received from a fall on a sidewalk.    The learned trial judge afterward made absolute a rule for judgment for the defendant non obstante veredicto.    No opinion was filed but we may infer from the argument of the counsel on the respective sides that the court held the plaintiff

to be chargeable with contributory negligence. No evidence was offered for the defendant and there is little controversy in regard to the facts. The plaintiff was passing along the sidewalk on the north side of Moyamensing avenue about two o'clock in the afternoon and at a place where a narrow alley opened onto the sidewalk slipped and fell, breaking his left femur. The cause of the accident as shown by the evidence was the slippery condition of the sidewalk for a space of about three feet resulting from the discharge of soapy, slimy water and grease from the alley into the street. Water containing soap and grease and other refuse was discharged into the alley as a surface drain and permitted to flow across the sidewalk. This produced a slippery condition of the walk where the water flowed over it which had existed for a long time. Several witnesses gave evidence of the presence of a slimy deposit on the surface of the walk and there was testimony that other persons had fallen there. The plaintiff had never walked along the street before and was not familiar with the condition of the sidewalk. Two persons preceded him by a few feet; when he came to the alley he noticed the water flowing over the sidewalk at a depth as he thought of a quarter or half of an inch; he stepped over it and in doing so placed his foot in the edge of the water and slipping, fell. He said the water somewhat obscured his view of the bricks in the pavement but that he was looking where he was going and saw no evidence of danger from the situation. Other witnesses thought the water had a less depth than the plaintiff supposed. The sidewalk was used daily by pedestrians who were aware that water flowed over the walk but who did not consider it an obstacle so dangerous as to prevent them from going that way. There being no doubt as to the existence of the condition complained of for such a length of time as to charge the defendant with notice the trial judge submitted the case to the jury with instructions as to the contributory

negligence of the plaintiff. The charge was as favorable to the defendant as could have been expected, and the jury found that the plaintiff exercised due care. The single question for consideration, therefore, is whether the court could properly have granted a compulsory non-suit at the conclusion of the evidence for the plaintiff. It is our duty to give the plaintiff the benefit of every fact and of every inference which could be legitimately drawn by the jury from the evidence presented which supported the action, and if the testimony of the plaintiff discloses the exercise of care the inconsistent testimony of another witness will not support a judgment of nonsuit or binding instructions for the defendant: Arnold v. Philadelphia & R. R. Co., 161 Pa. 1. Nothing appearing in the evidence imputes negligence to the plaintiff unless it be that he proceeded along the walk after observing that the water was flowing over it. His testimony was that the slippery and greasy condition of the pavement was observed by him after he fell and during the time when he was waiting to be removed to the hospital. There was no suggestion to him up to the time he fell that a deposit of grease or soap on the bricks made it dangerous for one to step as he did. When we consider that the walk was used daily by persons passing along the street and that there was no break in the sidewalk or obvious defect which would suggest danger we are unable to agree with the conclusion of the court that the plaintiff should be charged with contributory negligence for going as he did. The city is bound to keep its footwalks in reasonably safe condition and pedestrians have a right to assume that it will do so. The obstruction to safe travel was not so conspicuous nor imminently dangerous as to give warning to persons of ordinary prudence that it would be dangerous to go over it. Where a traveler has knowledge of a defect it does not follow as a legal consequence that he must under all circumstances avoid the way. The character of the defect and the imminency of the

danger are considerations to be taken into account: March v. Phœnixville Boro., 221 Pa. 64; Wertz v. Girardville Boro, 30 Pa. Superior Ct. 260; Swanwick v. Monongahela, 36 Pa. Superior Ct. 628.    To sustain the judgment we must hold that it was necessarily dangerous for one to attempt to use the walk at that point but the jury has found otherwise and our attention has not been directed to any part of the evidence which convinces us that such conclusion could be supported: Steck v. Allegheny, 213 Pa. 573; Holbert v. Philadelphia, 221 Pa. 266.    It is a very familiar principle that where there is a reasonable doubt as to the facts or inferences to be drawn from the testimony the question of contributory negligence is one for the jury and this in our view of the evidence is a case of that character.

The judgment is reversed and the record remitted to the court below to the end that the defendant's motion for a new trial may be disposed of and if that be determined adversely to the defendant that judgment be entered on the verdict.