Burchfield et al. *v.* Borough of Conneaut Lake, Appellant.

Argued April 13, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Robert M. Gilkey* of *Templeton, Whiteman, Rowley & Gilkey,* and with him *Leland J. Culbertson,* for appellant.

*Paul E. Thomas,* and with him *Frank J. Thomas* of *Thomas & Thomas,* and *Albert L. Thomas,* for appellee.

Opinion by Trexler, P. J., October 3, 1934:

This is a suit in trespass to recover damages for injuries occasioned by stepping into a depression in the sidewalk on Water Street in the Borough of Conneaut Lake. Plaintiff testified that on November 9, 1929, in the afternoon she was walking on the sidewalk on the north side of Water Street in a westerly direction toward her home, with several bundles in her arms, she was hurrying; she did not know of the

defect or hole in the sidewalk; she could not see it because of the fact that the entire sidewalk at this point was covered with leaves; she stepped into this hole turned her ankle and fell down, and by reason of this fall she sustained permanent injuries. All along the north side of Water Street there was a cement sidewalk or footwalk six feet in width and at the point where the plaintiff fell there was a hole or curved vacant space of the form of a semicircle in the south edge of the sidewalk about three inches deep, some thirty or more inches in length and extending at the widest part some seven or eight inches into the walk. This vacant space in the pavement had existed for a number of years prior to the time of the alleged accident; a curve had been made in the edge of the walk to accommodate a tree standing between the sidewalk and roadway and the tree having been removed the vacant space caused thereby was filled, but the surface was never paved and a hole was caused by the subsidence of the fill.

The defendant argues, (1) that the plaintiff was guilty of contributory negligence for she knew or should have known of the danger; (2) she did not prove what caused the injury; (3) that taking the character of the hole into which the plaintiff alleges she fell the borough was not chargeable with negligence in allowing it to remain; (4) that the medical testimony was improperly admitted and (5) that the charge was inadequate.

The first proposition is premised upon the fact that for twice a month during a period of two and one-half years the plaintiff had passed that way and, therefore, must have known of the hole and should have avoided it. It was a question whether the defect in the sidewalk was such as would attract the attention of the casual pedestrian endowed with the caution of an ordinary person. The plaintiff had the right to presume

that the sidewalk was designed for the passage of people throughout its entire width. The fact that she was in a hurry does not convict her of negligence for the sidewalk is intended for people who walk fast as well as for those who proceed in a more leisurely manner. Her hurrying did not cause the accident, nor contribute to it, at least nothing in the case would lead to that conclusion. Even 'if she had previously noticed the curve in the edge of the sidewalk, was the defect of such a character that she was charged with the duty of retaining that fact in her memory? At ordinary times in daylight any one might use the sidewalk with comparative safety. Even if she knew of the hole that knowledge would not compel her 'to avoid using the sidewalk: Steck v. City of Allegheny, 213 Pa. 573, 62 A. 1115; Patterson v. Philadelphia, 56 Pa. Superior Ct. 651; Clifford v. City of Phila., 104 Pa. Superior Ct. 338, 159 A. 232. The one fact that stands out is that the hole was not visible because of the fallen leaves. What is required of a pedestrian is that he use his natural senses and does not walk blindly, but if through no fault of his own he is prevented from seeing the defect, obstruction or whatever it may be which it was the duty of the municipality to correct and injury result to him he is entitled to claim compensation. The present case furnishes a parallel to those where the sidewalks were entirely covered with snow or water. We held in the case of Clifford v. the City of Phila., supra, that where the entire pavement was covered with water rendering danger invisible the plaintiff falling into a hole was not as a matter of law guilty of contributory negligence. All the above questions were for the jury.

As to the cause of the accident there was contradiction of plaintiff's testimony. She, however, testified as to how and where the accident happened. There is no question that she fell and that she was badly

hurt. The jury evidently believed her version of the matter and she was probably in a better position to tell the correct story than any one else. We know of no rule that requires the plaintiff's account of the accident to be corroborated.

Whether the city was guilty of negligence in allowing the hole to remain was for the jury to decide: Shafer v. Phila., 60 Pa. Superior Ct. 256; Williams v. Kozlowski, 313 Pa. 219, 169 A. 148.

The plaintiff testified as to her condition before the accident and what injuries she sustained by reason of her fall. She was corroborated by medical testimony. X-ray pictures were introduced and two physicians interpreted them. The doctors stated that a more satisfactory presentation of the views could be obtained by the use of a stereopticon, but each of them testified that they could interpret the pictures without it. Their testimony consisted of conclusions based partly on physical examination and partly on an inspection of the authenticated x-ray plates and the court properly refused to strike it out.

The alleged inadequacy of the charge of the court does not appear to have any merit. The matters involved were fairly presented. The court invited suggestions from counsel and complied with those which were offered. Fourteen points were presented by the defendant and all but four were affirmed. Those refused were either predicated on the assumption of the existence of facts not in the case, or were equivalent to requests for binding instructions.

The judgment is affirmed.