## Hagen et ux. *v.* Standard Oil Company of Pennsylvania, Appellant.

Argued October 2, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

338

*Raymond A. White, Jr.,* for appellant.

*Lewis M. Stevens,* with him *James E. Gallagher, Jr.,* for appellees.

OPINION BY STADTFELD, J., November 13, 1935:

This is an appeal by defendant from judgments entered on a verdict in favor of plaintiffs in an action of trespass to recover damages for injuries sustained by the wife-plaintiff by reason of her slipping on some grease or oil on the sidewalk adjoining the gasoline station owned or occupied by defendant company at the corner of 72d Street and Woodland Avenue, Philadelphia.

A request for binding instructions was refused and a motion for judgment non obstante veredicto was overruled. This action of the court covers the only assignments of error. In the disposition of this case, all the evidence must be read in the light most favorable to the plaintiffs who are entitled to all legitimate inferences in their favor: Smith v. Standard Steel Car Co., 262 Pa. 550, 106 A. 102.

The place where she fell was in the driveway leading into the station, which driveway crossed the sidewalk at right angles and was in the line of passage for persons using the sidewalk. The accident occurred about noon on September 29, 1932. The day was clear.

She was familiar with the sidewalk in question and knew that it was habitually stained and spotted, but previous use of it had never disclosed that the spots constituted any menace to her safety. She had never slipped there before nor heard of anybody else slipping on it. After she fell and came home she discovered grease on her shoe. The spots she saw on the pavement were covered with dust, and did not look dangerous. These spots were all over the pavement that you couldn't walk across without walking on them.

The husband plaintiff testified as to the condition of the pavement as he saw it during September, 1932, having used it every day before the accident. He testified: "It was spots here and there, and you got a spot here and a spot over there, but you didn't think there was any danger going across it. It was spots with dust on it and it looked all right. I had been over it three or four times a day and night, back and forth." They were "two or three feet apart."

Dagney Hagen, a daughter of plaintiffs, testified that she was with her mother at the time of the accident. "We were walking along and my mother fell and after she got up I was looking at the sidewalk and the sidewalk was covered with grease spots, but it didn't look dangerous because it was like covered with dust. ...... Covered with different grease spots, and they were covered with dust. ...... and you couldn't tell it was dangerous. They were spots that looked like they were dried up because of the dust being over it." The whole driveway or the whole pavement was full of spots, about three inches apart.

There was countervailing testimony on behalf of defendant that the pavement was in perfect condition, that it was perfectly clean and that there were no grease spots on it.

The case was submitted to the jury in a fair and comprehensive charge to which no exception was taken. The verdict establishes the negligence of the defendant and absolves the wife plaintiff from the charge of contributory negligence.

Appellant contends that the spots on the pavement constituted an obvious and known danger which the plaintiff assumed the risk of testing. Under the facts it was entirely within the province of the jury to consider the credibility of the plaintiffs' witnesses, and if satisfied as to this, conclude, as it did, that there was not any known danger. Of course, if the danger was obvious, it would have been the duty of plaintiff to avoid it and use either the street or pavement on the opposite side.

A person is not guilty of contributory negligence in using a road known by him to be defective unless the danger is so apparent that in the use of ordinary care he ought not to have undertaken its passage: Steck v. City of Allegheny, 213 Pa. 573, 62 A. 1115; Burchfield v. Borough of Conneaut Lake, 114 Pa. Superior Ct. 114, 174 A. 668.

The question of defendant's negligence, and that of contributory negligence of plaintiff were, under the testimony, clearly for the jury.

The assignments of error are overruled and judgment affirmed.