## Jordan et ux. *v.* Pittsburgh, Appellant, et al.

Argued October 4, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Anne X. Alpern,* First Assistant City Solicitor, with her *Bennett Rodgers,* Assistant City Solicitor, for appellant.

*Robert H. Braun, Jr.,* for appellees.

OPINION BY MR. JUSTICE DREW, December 5, 1938:

These actions in trespass were brought originally against the City of Pittsburgh by the plaintiffs, husband and wife, to recover damages for injuries sustained by the wife as a result of stepping into a hole in a sidewalk at night. By writs of scire facias the property owner and the tenants were brought in. Verdicts were rendered for plaintiffs against the city and the property owner, and in favor of the tenants. Upon refusal of motions by the city and property owner for judgment non obstante veredicto or a new trial, the city alone appealed.

The accident occurred shortly after midnight on May 19, 1936, on Adams Street, near Beaver Avenue, in the City of Pittsburgh, while the woman plaintiff was at-

tempting to alight from a friend's automobile which had stopped for that purpose at the curb opposite the entrance of the building in which she lived. Above this entrance there was a small electric light burning, but it did not give much light. A drizzling rain was falling and the atmosphere was somewhat hazy and misty. The plaintiffs occupied the second floor of this building for a little over a year prior to the date of the accident. From the testimony it appeared that there was a hole in the sidewalk near the curb, caused by the removal of some bricks; the hole had been there for several years, and the woman plaintiff knew of its existence since March, 1935, when she and her husband subleased the premises. As she alighted from the automobile on this night, she stepped into this hole, which she claimed she could not see because it was filled with water.

The only question we need consider is, was she guilty of negligence? She testified the sidewalk in front of the property in which she lived was generally in bad condition, that a hole existed near the curbstone, twenty-four feet from the entrance to her home, where five or six bricks were missing; that the hole was there for more than a year, during all of which time she saw it and passed by it four to six times a day. She frankly admitted that she was thoroughly familiar with the condition of the sidewalk, the location and size of this particular hole, and that she remembered the hole and looked for it immediately before she stepped down from the automobile.

It is evident that with full knowledge of the defective condition of the sidewalk, and almost the exact location of the hole into which she stepped, she deliberately got down from the automobile in its immediate proximity, although at the time she remembered the danger and was actually looking for it. That she could not see it because of the night, the rain, or the fact that it was filled with water, offers no excuse for her negligence. All these things were known to her, but in spite of all

warnings, she accepted the risk. She was willing to test a known danger and, therefore, must accept the consequences: *Brown v. Philadelphia,* 267 Pa. 183; *Fordyce v. White Star Bus Lines,* 304 Pa. 106.

We cannot avoid the conclusion that she contributed to her own injury. Her case is not as meritorious as *Lerner v. Philadelphia,* 221 Pa. 294, where a nonsuit was sustained. Viewing the case in the light most favorable to plaintiffs, the verdicts cannot stand.

Judgments reversed and here entered for defendants non obstante veredicto.