417 A.2d 1260

**James LANDY, Appellant,**

**v.**

**Dominick ROMEO.**

Superior Court of Pennsylvania.

Submitted March 19, 1979.

Filed Dec. 28, 1979.

76

Charles Kovler, Philadelphia, for appellant.

Frederick W. McBrien, III, Norristown, for appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

James Landy here appeals the trial court's refusal to strike or remove the nonsuit it ordered at the close of plaintiff's evidence. We reverse and remand for new trial.

At the time of the incident at issue, Landy was an employee of a tenant of appellee Romeo's commercial building. On the morning of October 17, 1974, Landy left the building and walked towards the street, across the sidewalk abutting the side of the building from which he had exited. A space approximately fourteen inches wide between the sidewalk and the curb had been filled in with asphalt, which had sunk to a level about two inches below that of the top of the curb. The area in Landy's path was covered to some

extent by an accumulation of leaves from a nearby tree. Landy tripped over the curb and fell into the street, sustaining injury. He brought suit against Romeo as owner of the building, alleging that Romeo's negligence had led to his injuries. The trial court granted Romeo's motion for nonsuit, concluding, as a matter of law, that Landy, although "entirely familiar with the conditions [had], nevertheless, tested a known danger" and thus had been contributorily negligent.

On appeal from the entry of a compulsory nonsuit, an appellate court must "accept as true the facts presented by appellant, read the evidence in the light most favorable to the appellant and give the appellant the benefit of all reasonable inferences and deductions arising from such evidence." *Norton v. City of Easton*, 249 Pa.Super. 520, 523, 378 A.2d 417, 419 (1977). A compulsory nonsuit is proper "only in a clear case where the facts and circumstances lead unerringly to but one conclusion." *Paul v. Hess Brothers, Inc.*, 226 Pa.Super. 92, 94, 312 A.2d 65, 66 (1973). Where the trial court has found contributory negligence as a matter of law, that negligence must be "so clearly revealed that there is no room for reasonable disagreement as to its existence." *Lavely v. Wolota*, 253 Pa.Super. 196, 202, 384 A.2d 1298, 1302 (1978). If there is room for fair and reasonable minds to differ in *their conclusion* regarding the plaintiff's conduct, the issue must be submitted to the jury. *DeGregoris v. Stockwell Rubber Co.*, 235 Pa.Super. 71, 340 A.2d 570 (1975).

*Weitz v. Baurkot*, 267 Pa.Super. 471 at 473–474, 406 A.2d 1138 at 1139.

The record does not support the trial court's conclusion that Landy had tested a known danger. There is no evidence that Landy, at the time he fell, "remembered the danger and was actually looking for it." *Jordan v. Pittsburgh*, 332 Pa. 230, 232, 3 A.2d 677, 678 (1938). This distinguishes the instant matter from *Jordan v. Pittsburgh, supra, q. v.*, relied upon by the court below.

78

*Bosack v. Pittsburgh R'ys Co.*, 410 Pa. 558, 189 A.2d 877 (1963); *Foster v. West View Borough*, 328 Pa. 368, 195 A. 82 (1937); and *Rogers v. Binkham*, 200 Pa.Super. 312, 188 A.2d 821 (1963) cited by appellees, have no bearing on the case before us, since those cases concerned the issue whether defendant's conduct amounted to actionable negligence. In the present appeal, the court below held only that Landy's conduct constituted contributory negligence, and did not consider Romeo's actions or lack thereof.

The only evidence presented at the trial was the testimony of Landy and the deposition of one William C. Wade, a friend of Landy who was walking with him when the accident occurred. There was no testimony that Landy approached the curb with the knowledge that the path he had chosen was hazardous. Both men testified that a clear perception of the protrusion of the curb above the level of the asphalt was not possible because of the leaves covering the area.

"Contributory negligence may be declared a conclusion of law only in the most unequivocal cases. [Citations omitted.] This is not such a case." *Caleodis v. Monessen*, 377 Pa. 511, 514, 105 A.2d 150, 152 (1954). The facts of this case are similar to those of *Burchfield v. Borough of Conneaut Lake*, 114 Pa.Super. 114, 174 A. 668 (1934), and our holding therein must control the present case:

> Even if she had previously noticed the curve in the edge of the sidewalk, was the defect of such a character that she was charged with the duty of retaining that fact in her memory? At ordinary times in daylight any one might use the sidewalk with comparative safety. Even if she knew of the hole that knowledge would not compel her to avoid using the sidewalk. [Citations omitted.] The one fact that stands out is that the hole was not visible because of the fallen leaves. What is required of a pedestrian is that he use his natural senses and does not walk blindly, but if through no fault of his own he is prevented from seeing the defect, obstruction or whatever it may be which it was the duty of the municipality to

correct and injury result to him he is entitled to claim compensation. The present case furnishes a parallel to those where the sidewalks were entirely covered with snow and water. We held in the case of *Clifford v. the City of Phila.*, [104 Pa.Super. 338, 159 A. 232 (1932)], that where the entire pavement was covered with water rendering danger invisible the plaintiff falling into a hole was not as a matter of law guilty of contributory negligence. All the above questions were for the jury.

114 Pa.Super. at 117, 174 A. at 669. In the case before us, it was clearly within the province of the jury to determine whether Landy was or should have been aware of the position of the curb in relation to the asphalt strip, considering in connection therewith Landy's explanation that the leaves obscured the sidewalk and thus prevented the possibility of accident coming to mind. *See Hagen v. Standard Oil Co.*, 119 Pa.Super. 337, 181 A. 458 (1935).

The order of the court below is reversed, and a new trial ordered.

PRICE, J., dissents.