## Cline v. Statler

C.P. of Adams County, no. 95-S-970.

*Thomas R. Campbell*, for plaintiff.
*Paul W. Minnich*, for defendant, Jerry Statler.
*Gregory S. Hirtzel*, for defendant, Borough of Gettysburg.

SPICER, *J.*, August 12, 1997—According to the record, plaintiff tripped and fell on a sidewalk in front of premises at 310 East Water Street in Gettysburg. At the time, April 22, 1995, Ms. Cline was a 78-year-old widow who was walking with a friend, Helen McKenrick. In answers to interrogatories, plaintiff described her accident thusly:

"The defect in the sidewalk on the Statlers' property caused me to trip and fall face first on top the concrete sidewalk. I landed on my left arm and face. My face contacted with the concrete sidewalk first. My left arm

also made contact with the sidewalk. In addition, my knee scraped on the sidewalk." (Page 10.)

She described the defect as follows:

"The sidewalk located at 308-310 Water Street. The pictures represent or portray blood onto sidewalk, differences in the sidewalk level, particularly the fact that the portion of the sidewalk causing the fall was raised at least two to three inches from adjoining surfaces." (Pages 6, 7.)

Apparently, nobody actually witnessed the fall:

"Mrs. McKenrick was walking just ahead of Mrs. Cline and turned around immediately after Mrs. Cline fell. Mrs. Margaret Gray was at the scene shortly after Mrs. Cline's fall and assisted in getting Mrs. Cline into Mrs. McKenrick's car. The remainder of those individuals identified acquired knowledge of the conditions after the happening of the incident." (Page 2.)

Defendants move for summary judgment under Pa.R.C.P. 1035.2, which provides:

"After the relevant pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

See also, *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996).

We learned at argument that plaintiff is incapacitated because of a stroke and probably will be unable to testify. Defendants included photographs of the sidewalk with their motions. The pictures were provided by plaintiff, who will rely upon them to establish the defect. Thus, there is no *Nanty-Glo*[1] problem. *Porterfield v. Trustees of the Hospital of the University of Pennsylvania,* 441 Pa. Super. 529, 657 A.2d 1293 (1995). The sidewalk was subsequently repaired and is not available for view.[2] This issue becomes whether the evidence we have discussed would require submission to a jury.

It is clear that the duties of various defendants in this case are the same, and do not extend to making the sidewalk perfectly level or to remedy trivial defects. *Bosack v. Pittsburgh Railways Co.,* 410 Pa. 558, 189 A.2d 877 (1963). *German v. McKeesport City,* 137 Pa. Super. 41, 8 A.2d 437 (1939). Cases collected in those opinions reflect holdings that slight variations in grades will not, as a matter of law, sustain an action in negligence.

More recent cases discuss duty as defined in *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). Landowners are not subject to liability for conditions that are obvious. However, conditions that pose no basis for liability during daylight, may become otherwise if

1. *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932).

2. Plaintiff argues that repairs may be considered by a jury as evidence of negligence. Although repairs may be considered in certain types of cases, such as products liability, the general rule in negligence cases forbids introduction of such evidence. *Leaphart v. Whiting Corporation,* 387 Pa. Super. 253, 564 A.2d 165 (1989), *alloc. denied,* 525 Pa. 619, 577 A.2d 890 (1990).

covered or obscured. *Landy v. Romeo,* 274 Pa. Super. 75, 417 A.2d 1260 (1979); cf. *Wecksler v. Philadelphia,* 178 Pa. Super. 496, 115 A.2d 898 (1955). See also, *Burns v. City of Philadelphia,* 350 Pa. Super. 615, 504 A.2d 1321 (1986).

The record indicates this accident occurred during the day. Photographs clearly show well-marked divisions or joints between sidewalk sections. They also show only a small deviation in levels. Other than the fact that the two sections do not meet on precisely the same plane, the sidewalk is in good condition. There are no holes or breaks in the concrete. The division line is much darker than concrete, probably because of plant life growing therein.

Plaintiff has shown nothing more than a trivial defect. We hold that plaintiff has not established a prima facie cause of action based on negligence. Accordingly, judgment will be entered in favor of defendants.

## ORDER

And now, August 12, 1997, summary judgment is entered in favor or defendants and against plaintiff.