### Phillip v. Bracey's Supermarket, Inc.

---

C.P. of Monroe County, No. 7215 CV 2009.

*Jerome P. Foley,* for plaintiff
*Jody A. Mooney,* for defendants

WILLIAMSON, *J.,* April. 5, 2013—This matter comes before us on a motion for summary judgment filed by Bracey's Supermarket, Inc., Bracey's Mount Pocono,

Inc., Pocono Village Mall, Inc., and William G. Bracey (hereafter, "defendants"), requesting Joan Phillip's (hereafter, "plaintiff") amended complaint be dismissed because plaintiff cannot recover as a matter of law.

Plaintiff commenced this action by filing a complaint on August 3, 2009 and an amended complaint on September 15, 2009. In her amended complaint, plaintiff alleges that she slipped and fell at Bracey's Supermarket, 301 Route 940, Mount Pocono, PA. Defendants filed their answer with new matter on December 7, 2009. The pleadings are now closed and the discovery deadline expired on January 15, 2013, per the court's scheduling order. On February 14, 2013, defendants filed the motion for summary judgment and brief in support thereof that is currently before this court. On March 25, 2013, plaintiff filed her answer to the motion for summary judgment, and on April 1, 2013, filed a brief in opposition to defendants' motion for summary judgment. Oral argument was held April 1, 2013. We are now ready to dispose of defendants' motion summary judgment.

## DISCUSSION

Summary judgment may be granted pursuant to Pennsylvania Rule of Civil Procedure 1035.2 where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment is properly entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine, triable issue of fact exists and that the moving

party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b); *Cosmas v. Bloomingdales Bros., Inc.,* 660 A.2d 83, 85 (Pa. Super. 1995).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.,* 562 A.2d 279, 280 (Pa. 1989). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Davis v. Pennzoil Co.,* 264 A.2d 597 (Pa. 1970). Moreover, the burden is on the moving party to prove that no genuine issue of material fact exists. *Long v. Yingling,* 700 A.2d 508, 512 (Pa. Super. 1997). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson,* 412 A.2d at 469.

In response, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner,* 303 A.2d 826 (Pa. 1973). The court may also accept as true all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.,* 440 A.2d 616 (Pa. Super. 1982); *Ritmanich v. Jonnel Enters. Inc.,* 280 A.2d 570 (Pa. Super. 1971). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski,* 84 A.2d 188 (Pa. 1951).

In the case now before the court, the defendant argues that there are no genuine issues of material fact and requests that the court grant summary judgment in its

favor. Defendant alleges that (1) the crack in the sidewalk was a trivial defect, (2) the plaintiff has failed to support the allegations of her amended complaint, and (3) the plaintiff's injury was the result of her own negligence.

The facts of this case, as viewed in the light most favorable to the plaintiff, are as follows:

Plaintiff and her significant other of 36 years, Stanley Locke, went to the Bracey's shopping mall on August 10, 2007 to do some shopping. In her deposition, plaintiff testified that she intended to go to the grocery store, but forgot her eyeglasses in the vehicle she shared with Mr. Locke[1]. [N/T Joan Phillip dep., 3/10/11, p. 13, 14, 19]. Plaintiff was walking back to the vehicle to get her glasses, but was unable to find the vehicle, because there were "a lot of gray cars in the parking lot." *Id.* at 19. Unable to locate the vehicle, plaintiff started walking towards the hardware store where Locke was shopping. *Id.*[2] Plaintiff testified that she fell when her toe hit a crack in the sidewalk causing her to trip. Plaintiff did not recall if she saw the crack before she tripped, nor was she able to describe its appearance, location or size. *Id.* at 12, 24, 25. Locke did not see plaintiff fall[3]. [N/T Stanley Locke dep., 3/10/11, p. 10]. However, plaintiff allegedly fell in front of the Blockbuster Video store. When Locke arrived where the plaintiff fell, he did not notice any condition on the sidewalk that caused him concern. *Id.* at 26. However,

---

1. Reference to the testimony from Joan Phillip's deposition will be referred to as ["N/T Joan Phillip dep., 3/10/11, p.__."]
2. The premises consisted of a shopping mall/strip mall comprised of various businesses.
3. Reference to the testimony from Stanley Locke's deposition will be referred to as ["N/T Stanley Locke dep., 3/10/11, p.__."]

Locke testified that he went back to the area later that same day and saw a crack in the sidewalk, measuring approximately "1 1/2 inches in width, 3 feet in length, with a 1/2 inch raised lip." *Id.* at 31. Locke identified a photograph, labeled exhibit "1" during deposition as the crack at issue. Defendant asserts the photograph identified does not match Locke's description.

## I. Trivial Defect

Defendants argue that the defect in the sidewalk that caused plaintiff's fall, which Locke described as 1 1/2 inches in width, 3 feet in length, with a 1/2 inch raised lip, is a trivial defect and, as such, one for which they are not liable. Plaintiff argues that the defect is not trivial as a matter of law and, therefore, the defendants' negligence should be determined by a jury.

When considering an injury resulting from purported negligent maintenance of a landowner's property, a court may look to the alleged defect in determining the viability of a plaintiff's case. *Davis v. Potter*, 17 A.2d 338 (Pa. 1941). However, "there is no definite or mathematical rule that determines when a defect is trivial; instead, the case must be determined on the individual act." *Mull v. Ickes,* 994 A.2d 1137, 1140 (Pa. Super. 2010) citing *Breskin v. 535 Fifth Avenue*, 113 A.2d 316, 318 (Pa. 1955). "While the focus in determining whether a defect is trivial must be based on the specific facts of . . . [the] case, our inquiry is aided by prior decisions." *Id.* at 1141.

Defendants rely on *German v. McKeesport City*, 8 A.2d 437 (Pa. Super. 1939), *Bosack v. Pittsburg Railways Co.,* 189 A.2d 877 (Pa. 1963), and *Cline v. Statler*, 34

Pa. D. & C. 4th 289 (Pa. C.P. 1997), affirmed 726 A.2d 1073 (Pa. Super. 1998) to support their argument that the crack was a trivial defect. As a matter of law, an elevation, depression, or irregularity may be so trivial that courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist. *Bosack*, 189 A.2d at 880.

In *German*, a pedestrian's heel sank into a gap in the sidewalk approximately one to 1 to 1 1/2 inches deep. *German*, 8 A.2d at 439. The Superior Court held that the defect was not significant enough to impose liability on the landowner. *Id.* The Superior Court reasoned:

The law does not require that sidewalks shall be as free of defects, imperfections, irregularities, unevennesses, etc., as the floors of buildings. A reasonably safe condition is all that is necessary our climate, with its rain and snow, freezing and melting, frost and thaw, with their effects on exposed surfaces, including sidewalks, makes impossible the perfection of evenness to be expected in buildings and covered places. The roots of trees planted along sidewalks-there were none in this instance, it is true-cause irregularities which, however, do not require remedying or repair until the break or imperfection is so great as to be patently dangerous. Such irregularities and unevennesses are especially frequent and likely to occur where the sidewalk and curb join or abut, by reason of the curb loosening or separating from the sidewalk and the accumulation of dampness there; but to impose liability on the property owner of the city they must be so large and unusual as to appear dangerous to the ordinary pedestrian and

everyday passerby. A difference or discrepancy of an inch and a half between the levels of two abutting curbstones was held not to impose liability: *McGlinn v. Philadelphia*, 322 Pa. 478, 186 A. 747. And such a variation- 1 1/2 inches- between the adjoining ends of flagstones in a street crossing is not evidence of negligence.

*Id.* at 440-41 (citation omitted).

In *Bosack*, the Pennsylvania Supreme Court considered a claim of negligence where the plaintiff fell due to a one to two inch depression between cobblestones. *Bosack*, 189 A.2d at 881. The court cited numerous decisions of prior cases, including *German*, where variations equal to or in excess of one to 2 inches in width or depth were not considered defects and entered judgment in favor of the defendants. *Id.* Furthermore, the court also deemed it unnecessary to consider questions of notice or irregularity. *Id.*

In *Cline v. Statler*, the plaintiff claimed that she tripped over a raised portion of a public sidewalk which was elevated two to three inches higher than the level of the adjoining block. *Cline*, 34 Pa. D. & C. 4th at 290. The trial court granted summary judgment holding that landowners are not subject to liability for conditions that are so trivial in nature that they cannot be actionable as a matter of law. *Id.* at 291.

Other appellate courts have found that sidewalk defects the same or greater in depth and overall size than at issue here were insufficient to impose liability as a matter of law. *See Magennis v. City of Pittsburgh*, 42 A.2d 449 (Pa.

1945) (discussing a 1 1/2 inch depression that was twelve-by-fifteen feet); *Foster v. Borough of W. View*, 195 A. 82 (Pa. 1937) (discussing depressed unpaved area adjacent to sidewalk which was two feet long and two to four inches below the level of the sidewalk); *Harrison v. City of Pittsburgh,* 44 A.2d 273 (Pa. 1945) (discussing manhole cover projecting two inches above the sidewalk).

Plaintiff argues that the photographs of the shopping center's sidewalks that she attached to her brief as exhibit "A", show the defect was not trivial, and that the condition of the entirety of the sidewalks shows a conscious disregard for the safety of patrons. Plaintiff contends that viewing these photographs in the light most favorable to her should result in the court determining that the condition of the sidewalk is a matter for the jury. We disagree.

After reviewing the facts in a light most favorable to the plaintiff, the 1 1/2 inches in width, 3 feet in length, and 1 1/2 inch raised lip crack in the sidewalk does not rise to the level of liability for the defendants. Our determination that the crack in the sidewalk is trivial is made on an individualized basis, guided by, but not governed by, previous decisions. As asserted by the Supreme and Superior Court in *Davis* and *German*, supra, landowners are held to a standard to maintain their properties in a reasonably safe condition. To hold landowners liable for a minor change in the elevation of a sidewalk, such as a 1/2 inch raised lip which is 1 1/2 inches in width, would be unreasonable. Such a gap or crack can occur due to numerous conditions outside of a property owner's control, including freezing and thawing. This is especially so in Mount Pocono, Pennsylvania, which is at a high elevation,

and the location of the shopping center in question. It is unreasonable to expect a perfectly level walking surface on a sidewalk in the Poconos. As in *German*, this court will not impose liability unless defects are so large or unusual as to appear dangerous. The photographs presented by both parties do not show a large or unusual defect that appears dangerous. Even assuming the location where the plaintiff fell, was in the pictures identified by plaintiff and Locke, including exhibit "1", the condition complained of is trivial and de minimis. For the reasons mentioned above, we cannot impose liability for a trivial defect. Therefore, we enter the following order.

## ORDER

And now, this 5th day of April, 2013, upon consideration of defendants' jotion for summary judgment, the same is granted. Plaintiff's suit is dismissed.