Johnson, Appellant, v. Philadelphia.

*Negligence—Municipalities—Defective sidewalk—Province of court and jury.*

In an action against a city by a woman to recover damages for personal injuries sustained by falling in a hole in a sidewalk, it appeared that the accident happened on a dark night, and that the hole in question was eighteen inches deep. The pavement had been in a dangerous condition for six months prior to the accident. The street had been regularly laid out on the city plan, and had been used by the public for several years. A part of the sidewalk in the square where the accident occurred had been paved with cement, but beyond the cement was a cinder walk in which was the hole in question. Plaintiff testified that she was entirely ignorant of the condition of the sidewalk; that from her house she could see the cement pavement, and thought it extended the whole length of the square. She stated that at the time of the accident she was walking carefully with no knowledge of the danger ahead. A building operation was going on in the street, but there was nothing to connect the building operation with the condition of the pavement. *Held,* that the case was for the jury, and that the court could not say as a matter of law that plaintiff was guilty of contributory negligence.

Argued Jan. 8, 1904. Appeal, No. 172, Jan. T., 1903, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1901, No. 1289, refusing to take off nonsuit in case of Carl Johnson and Hannah Johnson v. Philadelphia. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for personal injuries.  Before
BRÉGY, J.

The facts are stated in the opinion of the Supreme Court.

*Howard A. Davis,* with him *A. S. Ashbridge, Jr.,* for appellants.

*Harry T. Kingston,* assistant city solicitor, with him *Joseph
S. MacLaughlin,* and *John L. Kinsey,* city solicitor, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 22, 1904:

On May 13, 1901, the plaintiffs in this case resided at the
northeast corner of 63d street and Paschall avenue, in the
city of Philadelphia.   In the evening of the day in question,
Mrs. Johnson, the wife of her coplaintiff, visited Mrs. Snyder,
a sick friend residing on Paschall avenue above 64th street.
Saybrook avenue is the next street north of, and parallel with,
Paschall avenue.   The daughter of the sick woman called on
the plaintiff and accompanied her to Mrs. Snyder's residence,
the two women going by the way of 63d street, Saybrook
avenue and 64th street.   In returning home, however, about
9 : 30 o'clock, Mrs. Johnson was alone and passed over the sidewalk on the north side of Paschall avenue, which was the direct route to her residence.   She had not previously traveled
this sidewalk and was unacquainted with its condition.   As
she was passing over the walk in front of the house at 6321
Paschall avenue, she stepped into a hole, eighteen inches deep,
and was badly injured.   The night was dark and the nearest
light was a lamp at the corner of 63d street and Paschall
avenue.   This avenue was regularly laid out on the city plan
and for some years had been used by the public.   Some portions
of the pavement on the north side of the avenue between 63d
and 64th streets were of cement, six feet in width, and other
portions were of cinder, sixteen or eighteen inches deep and
three feet wide, and all of it was constructed in the fall of 1900.
Just beyond the end of the cement pavement, in the cinder
walk, were several holes which had been there since the previous winter, and into one of which the plaintiff stepped when
she was injured.   The walk at this point was very rough and
uneven.

At the conclusion of the plaintiff's evidence, the trial judge granted a nonsuit which the court in banc subsequently refused to take off. No reasons appear of record for the action of the court below, and we are unable to discover any. Nor do we know on what ground the city rested its defense on the trial of the cause. Here, the defendant denies its liability for two reasons : (*a*) contributory negligence of Mrs. Johnson, and (*b*) because the condition of the sidewalk at the place of the accident was the result of work then in progress on a building operation adjacent to the sidewalk on the north side of Paschall avenue between 63d and 64th streets.

It seems that on the north side of Paschall avenue some new houses had been in course of construction for several months prior to the time the plaintiff was injured. The progress made towards the completion of the buildings does not clearly appear, but the evidence shows that no work had been done on them since the preceding winter. With the exception of a few feet, the curbstone had been set in front of the sidewalk from 63d to 64th street. As observed above, there had been constructed between the two streets, for possibly the entire distance of the sidewalk, a pavement, partly of cement and partly of cinders, which had been in use by the public for six or eight months immediately prior to the time of the accident. The plaintiff had not seen nor passed over the sidewalk previous to the time she was injured, but from her house she could see the cement pavement and she thought it extended from 64th street to the sidewalk in front of the building at the corner of 63d street and Paschall avenue. She was entirely ignorant of the defective condition of the pavement. At the time of the accident she was walking carefully along the cement pavement and stepped from it into the hole in the cinder walk, which resulted in her injuries. We are of opinion that under the facts as disclosed by the evidence, the trial judge could not declare, as a matter of law, that Mrs. Johnson's acts or conduct contributed to her injuries. It is argued that she had knowledge of the dangerous condition of the walk. But the facts do not support this contention. Her positive and uncontradicted testimony is to the contrary. She says that she could see the cement pavement from her home, and that she thought it was laid the whole distance of the sidewalk, except

for a short distance near 63d street.   She denies that she knew the pavement was in a defective condition.   It was between nine and ten o'clock of a dark night, and she had no knowledge of the hole until her foot was in it.   If a jury should determine these to be the facts in the case, they would not be warranted in convicting the plaintiff of negligence.

The defective sidewalk was not the result of any work being done in connection with the building operation.   Nothing done in or about the erection of the unfinished houses was in any way responsible for the unsafe condition of the walk or for the hole which caused the plaintiff to fall.   Work had been suspended on the buildings for several months prior to the time of the accident, and the cinder walk had been constructed the previous fall.   Causes wholly disconnected from the building operation created the conditions existing in the walk at the time of the accident which resulted in the plaintiff's injuries.   The facts of this case, therefore, do not bring it within the authorities cited by the appellee which exonerate the municipality from liability for damages resulting from the digging of a trench or the laying of a sewer in a public street by a private individual under license from the corporate authorities, or when such work is done by an independent contractor.   In the case at bar, the work had been suspended for months.   The cinder pavement, which subsequently became defective, was constructed, and by the tacit permission of the city had been used by the public for six months prior to the accident.   Time and the elements created the defects in the cinder walk which the city, with at least constructive notice, permitted to exist for many months during which time it was open to the public.   The appellee is, therefore, not in position to relieve itself from liability for damages resulting from the defective sidewalk by reason of the erection of the buildings, as the defects in the walk were not incident to the construction of the building operation.

It is the duty of a municipality to keep its streets in a reasonably safe condition for those who have occasion to use them by day or night.   Failing in this it is properly chargeable with negligence and with any injury arising therefrom.   There is nothing in this case, so far as the evidence discloses, that will relieve the city of Philadelphia from the performance of

this duty as to Paschall avenue.  It was one of the established streets of the city and was open to the public which was an invitation to use it.  While it was the evident intention to lay a cement pavement the entire length of the sidewalk, yet the public was not forbidden the use of that part of the walk not thus paved; on the contrary, the construction of the cinder pavement was an invitation to use it, in connection with the cement pavement as part of the sidewalk from 63d to 64th streets.

The judgment is reversed with a procedendo.