## Klein *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defect in highway—Duty to keep road in repair.*

In an action against a city to recover damages for personal injuries sustained by falling through a rotten planking covering a gutter along the side of a road, the city cannot escape liability on the ground that no obligation rested upon it to maintain the road in a different condition from that which was required in the case of country roads generally, where the evidence shows that the road was on the city plan, that it had been macadamized, that abutting property was subject to city assessment, that the district was inspected by the municipal police, that the road was a main thoroughfare and extensively traveled, that people in the neighborhood walked on the planking which had been in a defective condition for a long period, and that plaintiff was unfamiliar with the road.

Submitted Oct. 22, 1915. Appeal, No. 167, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., March T., 1915, No. 274, on verdict for plaintiff in case of Isadore Klein v. Philadelphia. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant and in refusing judgment for defendant n. o. v.

*F. Carroll Fow* and *Daniel G. Murphy,* Assistant City Solicitors, and *Michael J. Ryan,* City Solicitor, for appellant.—The obligation imposed by the Act of 1836 to keep public roads "clear of all impediments to easy and convenient passing and traveling," does not impose the duty to maintain a road running through an agricultural district free from obstruction and in condition for public travel to its full width: Monongahela v. Fischer, 111 Pa. 9; Wall v. Pittsburgh, 205 Pa. 48.

Where the corporation maintains in good traversable condition a part of the road of sufficient width to reasonably accommodate the travel thereon, its full duty is discharged: Cartright v. Town of Belmont, 58 Wis. 370; City of Wellington v. Gregson, 31 Kas. 99; Tritz v. City of Kansas, 84 Mo. 632; City of Austin v. Ritz, 72 Tex. 391; Perkins v. Town of Fayette, 68 Me. 152; Arey v. Newton, 148 Mass. 598.

There being no duty to maintain a public road through an agricultural district in safe, traversable condition for its full width, the municipality is not ordinarily liable for an accident happening to one intentionally and without necessity leaving the wrought way: Scranton City v. Hill, 102 Pa. 378; Monongahela v. Wischer, 111 Pa. 9; Worrilow v. Upper, Etc., Township, 149 Pa. 40; Mattimore v. Erie, 144 Pa. 14.

*Joseph L. McAleer,* for appellee.—It is the duty of a

borough or city to maintain in a reasonably safe and smooth condition the traveled part of the public highway, over territory which has been incorporated into it: Chambers v. Braddock Borough, 34 Pa. Superior Ct. 407; Smith v. New Castle City, 178 Pa. 298; Cousins v. Warren Borough, 54 Pa. Superior Ct. 136; Steck v. Allegheny, 213 Pa. 573; Douglass v. Monongahela City Water Co., 172 Pa. 435.

OPINION BY HENDERSON, J., March 1, 1916:

The plaintiff's injury was received while he was walking on the side of Welsh Road at its intersection with Fairview street in Philadelphia. The only assignments of error are that the court should have given binding instructions for the defendant, and that judgment non obstante veredicto should have been entered after the verdict. The defense set up was that Welsh Road at the place where the plaintiff was hurt was a country road and that no obligation rested on the city to maintain it in a different condition from that which was required in the case of country roads generally. The testimony, however, does not support this theory. Welsh Road and Fairview street are both on the city plan of streets and are both improved. A macadam pavement is laid on Welsh Road and dwelling houses front on Fairview street at and near its intersection with Welsh Road. There is evidence that the latter is a city street; that the abutting property is subject to city assessment; that the district is inspected by the municipal police force; that it is a "main thoroughfare" and extensively traveled; that there is a church about one-half a block from this intersection and that at the side of the road where the plaintiff was hurt there is a footpath used by pedestrians traveling along the street. The place of the accident was beside the lot of Thomas Enoch, whose house was at the intersection of Welsh Road and Fairview street. The plaintiff fell into a gutter where the water from the gutter in Welsh Road passed under Fair-

view street through a pipe.  A small bridge or box was built over the gutter near the end of the pipe, by the city, a few years before the accident.  This bridge or box was made of planks set at the sides with planks on the top. This had become dilapidated and decayed so that it was not longer safe to walk on.  The plaintiff stopped at the Enoch house to inquire the way to a friend's, he being a stranger in that neighborhood.  In going from the Enoch lot he walked onto this box or bridge and fell into the gutter thus receiving the injury of which he complains. There is not denial that the planking was done by the city; nor that it was in a decayed condition and had so been for a long time; nor that it bridged over or covered the ditch presumably made when the street was paved.  The evidence shows that the plaintiff was walking along a path used by the public in the street and that his injury resulted because of a structure located by the city in a place likely to be used by the public and which it permitted to become dilapidated and dangerous to a pedestrian.  Under such circumstances we are not able to conclude that no obligation rested on the city to maintain its structure in reasonable repair or if not bound to repair it that it was not the obligation of the municipality to remove it so that it might not become a source of danger to pedestrians.  What the defendant's witnesses meant in describing that part of the city as "countrified in that section" evidently was that the city was not compactly built and all the municipal improvements introduced which existed in the built up portions of the city; but that is not at all equivalent to the defendant's assertion that the street was a country road in the legal sense of that term.  It is conceded that Fairview street was built up and improved.  There is evidence that Welsh Road was the same kind of a street that was to be found in other parts of the town and that it was called Welsh Road because that had been the name of the highway for a long time.  Further out there were farms but not at the locality of the injury.  Under

121, (1916).]　　　　Opinion of the Court.

such circumstances it was the duty of the city to maintain the street in a reasonably safe condition for public travel for vehicles and pedestrians: Wall v. Pittsburgh, 205 Pa. 48; Chambers v. Braddockboro, 34 Pa. Superior Ct. 407. We are not convinced that it was the obligation of the plaintiff to walk on the paved wagonway. It was on a Sunday afternoon in the summer when he was there. The evidence shows that it was a road much used by vehicles and the path along the side of the road may have been a much safer place for one traveling on foot at such a time and under such conditions than the street where vehicles in large numbers were moving. If the plaintiff walked where people were accustomed to walk and fell into what proved to be a pit for the existence of which the city was responsible it ought not to be declared as a matter of law that there was no liability for such action or non-action by the municipality.

The judgment is affirmed.