Wade *v.* Pennsylvania Railroad Co., Appellant.

Argued March 17, 1932.   Before FRAZER, C. J., SIMP-
SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Robert D. Dalzell,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.

*A. H. Rosenberg,* for appellee.

PER CURIAM, April 13, 1932:

Plaintiff sued and recovered a verdict for the death of her husband which resulted from injuries received when the truck driven by him was struck at a grade crossing by a train of defendant company. Defendant appeals from refusal of its motions for judgment n. o. v. and a new trial.

Toward the west at the place of the accident, defendant's railroad track curved sharply around a hill, limiting a view in the direction from which the train approached to a comparatively short distance,—200 to 247 feet,—for a driver approaching, as deceased was, from the south. Deceased stopped at the customary place to look and listen before entering upon the crossing. The uncontradicted testimony is that the automatic crossing bell was ringing at the time. However, this alone would not conclude plaintiff's right to recover, although if the bell was ringing at the time deceased approached the tracks, that fact was proper for consideration by the jury in connection with other evidence, as indicated in the charge by the trial judge, in determining whether or not the driver of the truck was chargeable with contributory negligence: Frank v. Reading Co., 297 Pa. 233, 237. The testimony as to the train's sounding warning of its approach was contradictory; witnesses for plaintiff asserted that no whistle or bell was heard until the train was practically on the truck, and witnesses for defendant testified the bell rang and the whistle sounded in time to warn one at the crossing. Under all the testimony, the case was unquestionably for the jury;

they heard and saw the witnesses and it was for them to determine their credibility: Canon v. Penna. Trust Co., 305 Pa. 422, 425; Greenfield v. Pittsburgh & Lake Erie R. R. Co., 305 Pa. 456, 459; Ensor et ux. v. P. R. R. Co., 306 Pa. 451.

Our examination of the record discloses ample evidence to support the finding in favor of plaintiff, and in our opinion the award of $6,000 is not excessive considering the facts that deceased was a young man, twenty-eight years of age, in good health and of good habits, earning, at the time of the accident, $31 a week.

Judgment affirmed.