Woodring *v.* Metropolitan Edison Company,
Appellant.

432

Argued December 13, 1932.

Before Trexler, P. J. Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. Willard Paff*, of *Smith and Paff*, and with him *Harold J. Ryan*, for appellant.—The defendants were not joint tort feasors as there was no concert of action: Bard and Wenrich v. Yohn, 26 Pa. 482; Leidig v. Bucher, 74 Pa. 65; Klauder v. McGrath, 35 Pa. 128.

*Asher Seip*, and with him *Carleton T. Woodring*, for appellee, cited: Hughes et ux. v. Pittsburgh Transportation Co. et al., 300 Pa. 55; Moraski et al. v. Philadelphia Rapid Transit Co., 293 Pa. 224.

Opinion by Stadtfeld, J., March 3, 1933:

This was an action in trespass brought by Joseph G. Woodring jointly against the City of Easton, Metropolitan Edison Company and McInerney and

McNeal, Inc., under the provisions of the Act of June 29, 1923, P. L. 981. At the trial of the case, at the conclusion of the testimony ex parte plaintiff, 'the court entered a non-suit as to the City of Easton. The case then proceeded against the remaining defendants, to-wit: Metropolitan Edison Company, and McInerney and McNeal, Inc.

Plaintiff's statement averred that on or about the 20th day of August, 1928, he was the owner in fee of certain premises situate on the northwest corner of Northampton and North Sitgreaves Streets in the City of Easton, abutting on the east side of said North Sitgreaves Street, between Northampton and Church Streets, on which is erected a building in which he conducted a retail haberdashery and clothing business; that on or about said date the defendants jointly made an excavation in a negligent manner in said North Sitgreaves Street, between Northampton and Church Streets, which caused surface waters to collect upon the street and flood into the cellar of plaintiff's property abutting thereon, thus damaging merchandise which plaintiff had stored in the cellar of his premises.

McInerney and McNeal, Inc., filed its affidavit of defense, averring that on or about August 20, 1928, under a contract with the City of Easton it made excavations upon and in said North Sitgreaves Street for the purpose of placing a concrete roadway, and that the same was done in a proper manner and without negligence and in no manner interfered with the natural drainage of the surface water in said street.

The Metropolitan Edison Company filed its affidavit of defense, averring that it did not excavate or cause any excavating to be done on said street on or about August 20, 1928.

Upon the trial of the case it appeared that the City of Easton decided to improve Sitgreaves Street by

laying thereon a concrete surface. It gave notice to the Metropolitan Edison Company of this proposed improvement so that it might lay its conduits prior thereto. Metropolitan Edison Company proceeded to do its work by constructing on this street an underground conduit system having ducts, drainage system and laterals. This work was done three or four months before the time that the contractor went upon the street to excavate for the laying of concrete paving. Knowing that the contractor would follow to put down the concrete paving, the Edison Company did not install any wiring in the conduit system before the street improvement was begun. The Edison Company, in installing its system, built a manhole, sometimes called a handhole, some distance north of Northampton street and opposite plaintiff's property to which it led the ducts of its system on North Sitgreaves Street. From this manhole, Edison Company dug a lateral trench substantially at right angles to North Sitgreaves Street, across the street to the curb It then tunnelled under the curb by cutting an inverted "V" shape opening into the footing of the curb, then underneath the pavement and through the foundation wall of the plaintiff into the plaintiff's basement. In this trench it laid a lateral duct three and an half to four inches in diameter from this manhole to the basement, and then filled up the trench. Edison Company did not plug either end of this lateral duct leading from the manhole into the plaintiff's basement, but left it open. This conduit entered the manhole or handhole some eight inches from the bottom thereof. From the bottom of the manhole, near the plaintiff's property, four conduits extended down grade to a manhole situated near the corner of North Sitgreaves and Northampton Streets. From the last mentioned manhole there was a connection with a sewer, and from this latter manhole also it was drained

by other ducts running from it down grade to other manholes in the conduit system. This system was intended to drain the water which might collect therein. The grade of the top or collar of the manhole in question was not in line with the ultimate grade of the concrete street when paved.

On or about August 18, 1928, the defendant McInerney and McNeal, Inc., pursuant to a contract with the City of Easton, excavated the surface of North Sitgreaves Street between Northampton Street and Church Street, so that it might be paved with concrete. The testimony of a witness for plaintiff was that while the contractors were doing this work of excavating, they had interfered with and moved the cover on top of the manhole put there by the Edison Company. This was denied by the contractor who claimed that they had not touched the Edison Company's manholes. Under the contractor corporation's contract with the City of Easton, the contractor was to lower the grade, if necessary, and set the top of the manhole. This, however, was done by the Edison Company.

Before the grading had progressed to the point where it was to receive the concrete pavement, a heavy rain storm ensued on or about August 21, 1928, and water backed up along North Sitgreaves Street and flowed into Edison Company's manhole, from which the cover had been removed, and from there through the latters conduit, which had been left unplugged, into the plaintiff's cellar, damaging goods which he had stored therein. After being notified of the flooding of plaintiff's cellar, employees of the Edison Company plugged both ends of the lateral duct, and evidence of this fact was admitted by the court under objections of the Edison Company. After the duct was plugged, during a second storm three days later, no water entered plaintiff's premises through the duct, but water did seep through the wall opposite to the

trench. After the trench was properly filled, and the crevices in the wall stuffed with paper, and the duct plugged up, no further damage was occasioned to plaintiff.

At the conclusion of the testimony both Metropolitan Edison Company and McInerney and McNeal, Inc., asked for binding instructions which were refused.

The jury returned a verdict for plaintiff in the amount of $940.78 against Metropolitan Edison Company and McInerney and McNeal, Inc.

Motions for new trial and judgment n. o. v. were subsequently made and overruled, and judgment entered on the verdict in an opinion by STEWART, J. From the judgment so entered this appeal has been taken by Metropolitan Edison Company. The assignments of error may be considered under three heads: (1) The alleged absence of any evidence sustaining the allegation of a joint tort, (2) The admission of evidence that the Metropolitan Edison Company after the accident caused the lateral conduit from the underground system to plaintiff's cellar to be plugged, and (3) Improper remarks of counsel.

There was no complaint as to the amount of the verdict, as all parties had agreed, without admission of liability on part of defendants, as to the amount of damage to the goods. There was also no complaint as to the entry of a non-suit as to the City of Easton.

The important question under the facts in this case is, was the Metropolitan Edison Company alone negligent, or was McInerney and McNeal, Inc., alone negligent, or were both companies concurrently negligent? This question the court submitted to the jury for determination, to-wit: The question of the negligence and the joint or several liability of the two defendants. Under the Act of 29th of June, 1923, P. L. 981, plaintiff had a right to allege concurrent negligence against the three defendants, and on the trial the court

had a right to submit to the jury the question whether the verdict should be against the two jointly or whether it should be against either one separately.

The verdict of the jury settles the question of negligence. Plaintiff alleges both defendants are liable. Appellant asserts that it is not liable but that its co-defendant is liable. Under these circumstances, as stated in Hughes et ux. v. Pittsburgh Transportation Co. et al., 300 Pa. 55, we must consider the evidence in the light most favorable to plaintiff. The joint verdict found by the jury is entitled to the support of every fact found by the jury, and every reasonable inference that can be drawn from the facts.

Whether or not the failure of the Metropolitan Edison Company to plug or close the lateral duct leading from the manhole to the plaintiff's basement was negligence, knowing that a contractor would follow it in the excavating of the street and the laying of the concrete pavement, and that surface water might drain into the manhole and from there into the plaintiff's basement, damaging the plaintiff, was a question for the jury. Whether or not the contractor corporation was negligent in excavating the street in the manner in which it did, was a question for the jury. Neither of these negligent acts alone would have damaged the plaintiff were it not for the other negligent act. The negligent act of the Edison Company created a certain condition. That condition existed at the time when the negligent act of the contractor corporation was committed. And so, the concurrence and combination of the two negligent acts at the time of the rain storm caused the injury to the plaintiff. Quoting from the opinion of Mr. Justice SIMPSON in Hughes et ux. v. Pittsburgh Transportation Co., supra, p. 60: "It suffices, as stated in the cases above cited by us, that where there would have been no injury whatever but for the continuing negli-

gence of the defendant who first put the plaintiff in peril, and which existed when the negligence of the other turned the peril into actual injury, the negligences are concurrent and both defendants are jointly and severally liable for the injuries thereby occasioned.''

To the same effect are the cases of Bunting v. Hogsett, 139 Pa. 363, and O'Malley v. Philadelphia Rapid Transit Co., 248 Pa. 292, which are cited in the opinion of the court in Harkin v. Toy and Philadelphia Rapid Transit Co., 278 Pa. 24, 29. In Bailey v. C. Lewis Lavine, Inc., 302 Pa. 273, 277, the court said, at page 277: "Those whose negligent acts unite in producing an injury will be held jointly and severally liable to the injured party: Hughes et ux. v. Pittsburgh T. Co. et al., 300 Pa. 55.''

Had the Edison Company plugged the lateral duct at either end, and particularly at the point where it led from the manhole, no damage would have occurred to the plaintiff, even though the contractor corporation had disturbed the top or cover of the manhole. On the other hand, if the contractor corporation had not disturbed the top or cover of the manhole, there probably would have been no damage to the plaintiff, even though the lateral duct had not been plugged. In other words, the damage could not have occurred but for the continuing negligence of Edison Company, who first put the plaintiff in peril by omitting to plug the lateral, and which condition existed when the negligence of the contractor corporation turned the peril into actual injury by disturbing the cover of the manhole. Consequently, the negligences are concurrent and both defendants are jointly and severally liable for the injuries thereby occasioned. It was the duty of the court below, under the evidence, to submit to the jury the question, whether the injury was the result of concurrent negligence: Moraski v. Philadelphia Rapid Transit Co., 293 Pa. 224.

Appellant contends that the court erred in admitting evidence of the plugging, after the accident, of the lateral conduit leading to plaintiff's cellar. There is no question that under the leading case of Baran v. Reading Iron Co., 202 Pa. 274, "Evidence of precautions taken or repairs made after an accident is not admissible as tending in itself to prove prior negligence." At the time the offer to prove this fact was made, no request was made for a declaration of the purpose of the offer. In the case referred to, Mr. Justice FELL, speaking for the court, says, p. 286: "The cases are however to be distinguished from a class with which they are sometimes confounded, in which evidence of acts of repair or construction is received to prove dominion or control." The evidence objected to apparently was not offered for the purpose of establishing negligence of appellant, nor was the same used for that purpose. The trial court, in its charge to the jury said: "Now the negligence in this case, so far as the date is concerned, is based on the condition as it existed on the 21st and 22nd of August." In addition, defendant itself introduced evidence in chief in its case, establishing the same fact the admission of which is now urged as error. We consider that the evidence was competent for the purpose of showing control and dominion over the lateral duct, as also corroborative in establishing the source of the water which entered plaintiff's cellar and did the damage to his goods. We do not see how appellant was damaged by the admission of this evidence.

Appellant urges as error the refusal of the trial court to withdraw a juror because of alleged improper remarks of counsel for plaintiff in his argument to the jury. The remarks as claimed by appellant were "That when that great, big, rich, corporation stoops to the protection of such testimony I hate to discuss it." According to the record, appellee's counsel

claims to have used the words "comes into court" instead of the word "stoops." The trial judge instructed the jury as follows: "Members of the jury, pay no attention to anything that was said about this corporation being a rich corporation, just blot that out of your minds and consider the case solely on the evidence we have here. The application is refused."

In view of the fact that the amount of damages sustained in this case was not in dispute, and was agreed upon by all parties, without any admission, however, of liability, the passions of the jury were certainly not inflamed, as evidenced by the verdict rendered. We do not see that appellant was injured by the refusal of the court to withdraw a juror under the circumstances in this case. At all events, this is generally a matter for the discretion of the trial judge: Carroll v. Hannan, 289 Pa. 65; Donahue v. Borough of Punxsutawney, 298 Pa. 77; Shaffer v. Coleman, 35 Pa. Superior Ct. 386.

The case was ably tried and fairly submitted, and the testimony amply sustains the verdict.

The assignments of error are overruled and judgment affirmed.