O'Farrell *v.* Mawson et al., Appellants.

Argued December 6, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and BARNES, JJ.

*J. Webster Jones,* for appellants.

*William W. Mentzinger, Jr.,* for appellee.

OPINION BY MR. JUSTICE KEPHART, January 6, 1936:

Plaintiff on a clear dry day, was traveling on Rising Sun Avenue, a 40-foot-wide street in Philadelphia. Tioga, Warnock and this street form a tri-cornered intersection. Tioga Street continues to the south and Warnock Street terminates at the intersection. From plaintiff's testimony it appears that, when he was about 150 feet from this intersection, he noticed defendants' truck traveling ahead of him four or five feet from the north curb of Rising Sun Avenue. Plaintiff testified that he accelerated his speed and drew out to the left

to pass the truck, but remained at all times to the right of the center line of the road. Forty or fifty feet from the intersection, he came abreast of defendants' truck and ran that way for several moments, both cars maintaining the same relative position to the north curb and to each other. Nearing the intersection, defendants' driver turned sharply to the left and the left front wheel of the truck struck the right front wheel of the automobile, causing it to upset. This action was brought for the injuries there occasioned.

The testimony as to the location of the accident and the manner of its occurrence was disputed by the defendants. They place the truck ten to twelve feet from the north side of Rising Sun Avenue with its driver starting to bear to the left in order to make a left-hand turn into Tioga Street as it neared the intersection. A truck was approaching from the opposite direction and defendants' driver stated that, to permit the other truck to pass, he turned his front wheels sharply to the left, preparatory to making the turn, applied his emergency brake and came to a standstill. While in this position plaintiff's car drove rapidly by swerving into the truck to avoid the oncoming vehicle, so that the rear right wheel of the auto struck the truck with the consequences related by plaintiff.

The matter was submitted to the jury, which returned a verdict for plaintiff in the sum of $6,000. The court below dismissed the motion for judgment n. o. v. but reduced the verdict to $3,000 which plaintiff accepted to avoid a new trial. This appeal followed the judgment on the verdict as reduced.

Appellants' case on their motion for judgment n. o. v. is based solely on the theory that the evidence clearly shows the accident took place at the intersection of Rising Sun Avenue with Tioga Street; and that appellee should be held contributorily negligent as a matter of law by reason of section 1008 of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L.

751, section 2, concerning vehicles overtaking and passing other vehicles at any intersection of highways. They contend the evidence clearly shows the location of the accident at the intersection of the streets and quote portions of the testimony of appellee and his witnesses to prove this fact. There are portions of appellee's testimony which show that the accident occurred before the machines arrived at the intersection, and one of appellants' own witnesses places the location of the accident "below the intersection." It was for the jury to reconcile this evidence and determine who was telling the truth. Our rule on a motion for judgment notwithstanding the verdict is that all facts and inferences must be resolved in favor of the party for whom the verdict was rendered: Dempsey v. Cuneo Eastern Press Ink Co. of Pa., 318 Pa. 557, 559; Christ v. Hill Metal and Roofing Co., 314 Pa. 375, 378. In applying this principle we must accept as a fact that the accident occurred before the intersection, and there is sufficient evidence in the record to sustain this conclusion.

Appellants argue that the court below abused its discretion in refusing to sustain their motion for a new trial. Their assignment of error limits our consideration of this question. We said in Koch v. Imhof, 315 Pa. 145, 147, that "One who asserts that a trial judge abused his discretion in granting or refusing to grant a new trial, has a heavy burden to carry; too heavy, indeed, unless he can show a clear abuse of discretion by the court below: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530; First Nat. Bank of N. J. v. Cattie Bros., 285 Pa. 202; Marko v. Mendelowski, 313 Pa. 46." We are not here favored with any opinion from the lower court and, in such instance, "appellants not having employed the means provided for their relief, we must assume that the order complained of presents a proper exercise of discretion": Chartiers Valley B. & L. Assn. v. Ende, 281 Pa. 396, 398. A new trial is a proper remedy for capricious disregard of testimony by a jury, but in this

case there was a sharp difference in the testimony presented which the jury could resolve in favor of either depending upon whom they believed, and whether the verdict finally reached was against the weight of the evidence was for the consideration of the court below rather than this court: Canon v. Pa. Trust Co., 305 Pa. 422, 425; Maloy v. Rosenbaum Co., 260 Pa. 466, 472; Hartig v. American Ice Co., 290 Pa. 21, 33.

The record in this case presents two irreconcilable versions as to how this accident occurred and the testimony is conflicting on almost every circumstance involved. Manifestly this presented a situation where that part of our judicial system based on trial by jury was called upon to function. They are the triers and finders of fact, and where there is contradictory evidence the issue of credibility is one for them (Wade v. P. R. R. Co., 307 Pa. 259, 260; Simons v. Phila. & Reading R. R. Co., 254 Pa. 507, 509; Lindemann v. Pgh. Rys. Co., 251 Pa. 489, 493); and this is true though appellee, in some respects, was contradicted by his own witness: Giles v. Bennett, 298 Pa. 158, 163; Adams v. Gardener, 306 Pa. 576, 585. That he had but two witnesses to confirm his story and appellants five, is of no importance since neither credibility nor weight of testimony is determined by numbers. This court has often stated that so long as there is some affirmative evidence of negligence the question is for the jury regardless of the strength of the opposing proof: Hegarty v. Berger, 304 Pa. 221, 226.

As the jury could find from the evidence that the accident did not occur at the intersection and since, from the entire record, the court below did not abuse its discretion in refusing a new trial, the judgment is accordingly affirmed.