O'Brien *v.* Jeannette Borough, Appellant.

444

Argued April 22, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellant.

*Joseph M. Loughran,* with him *Edward G. Bauer,* for appellee.

OPINION BY JAMES, J., September 29, 1937:

Plaintiff obtained a verdict in an action for damages for injuries alleged to have been sustained by her while walking along a sidewalk, or footpath, on North Third Street in the Borough of Jeannette. Defendant's motions for a new trial and judgment n. o. v. were refused and from the judgment entered on the verdict, the borough has appealed.

North Third Street, between Harrison Avenue and Mellon Avenue, is a well-traveled highway. In this block, it is 50 feet wide, 30 feet of which is enclosed within curbing with a hard-surface pavement. Houses are built on both sides; on the easterly side is an 8-feet walk, and on the westerly side is a well-defined dirt walk used by the public for many years, which varies in width from 6 to 8 feet from Harrison Avenue south, but narrows to 6 feet from a point about 60 feet north of where the accident occurred to Mellon Avenue.

On October 15, 1909 the State Highway Commissioner (now known as the Secretary of Highways) approved an application and plan by the Township of Penn and the County of Westmoreland for the adoption, inter

alia, of North Third Street, then a part of Penn Township, as a State-aid highway. The plan showed North Third Street to be 50 feet in width, the width fixed in the plan, or plot, as laid out by the owners in 1889. On the same day that the plan was approved, the Commonwealth entered into a contract with Edward Brothers Company for the improvement of the highways described in the application and plan. In 1926 North Third Street was annexed to the Borough of Jeannette. On August 5, 1929 the borough council adopted an ordinance directing the resurfacing and curbing of North Third Street, an ordinance establishing the grading and an ordinance awarding the contract to C. S. Graham Company. By an ordinance adopted May 7, 1930, with the consent of the contractor, the contract was cancelled except as to the construction of the curbing. For the cost of the curbing, the adjoining property owners were assessed. By the Act of June 1, 1933, P. L. 1172-1333, Route No. 64216, which includes North Third Street, was adopted as a State highway to be constructed and maintained at the expense of the Commonwealth, under the provisions of present or future laws governing State highways in boroughs.

At about 7:45 P. M. on September 13, 1935, accompanied by her sister and her two children, plaintiff proceeded from Harrison Avenue and was walking south upon the westerly walk, about 2 feet from the curb, when she fell into a hole 5 feet wide and 3½ feet deep, opposite a vacant lot. At this point, a 24-inch terra-cotta pipe, laid by the Highway Department, under the pavement, to carry water from the opposite side of the street, had become broken and escaping water had created a hole. The hole had existed for several years, and those who were familiar with it stepped from the walk onto the street and when they had passed, stepped back to the sidewalk. Several witnesses testified that the borough, during the year 1929, had done some work

along the road; that workmen in the employ of the borough had made some fills alongside of the street and had made repairs to the walk. It was shown that after the accident, employees of the borough erected a barrier fence about the hole. It was conceded that the hole was within the 50 feet width of the street.

Plaintiff testified that where she fell it was very dark and she was able to see ahead only about 1½ feet; that she walked slowly with her head down looking where she was going; and that it appeared to her the hole was part of the sidewalk. Prior to the accident, she had not walked on this section of North Third Street for eight years. The only light which plaintiff had was from the lights of passing automobiles and a street light at Mellon Avenue 139 feet away. Plaintiff's sister, who had stepped across the curbing onto the street a few steps before plaintiff fell into the hole, testified that it was very dark and she could not see the hole.

Briefly stated, the questions argued by appellant are: (1) Was plaintiff guilty of contributory negligence; and (2) was the borough responsible for the condition of the sidewalk.

On a motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in her favor, but she must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence: *Lessy v. Great A. & P. Tea Co.*, 121 Pa. Superior Ct. 440, 183 A. 657.

Under the facts, the trial judge could not declare, as a matter of law, that plaintiff's acts or conduct contributed to her injuries. The question whether or not she was negligent was properly left to the decision of the jury: *Johnson v. Philadelphia*, 208 Pa. 182, 57 A. 363; *McKelvey v. Juniata Boro.*, 265, Pa. 56, 108 A.

205. Having traveled for some distance upon the walk, and there being no warning of any character to indicate that she was undergoing any risk or danger, she had the right to proceed, using her faculties as best she could under the handicap of the darkness: *Amey v. City of Scranton,* 127 Pa. Superior Ct. 243, 193 A. 278. Where the risk is not obvious, it becomes a question of fact for the determination of the jury whether there was contributory negligence: *Musselman v. Hatfield Boro.,* 202 Pa. 489, 52 A. 15. While a pedestrian is required to look where he is walking, he is bound to use only ordinary care and to avoid such dangers as ordinary prudence would disclose: *Duvall v. City of New Castle,* 74 Pa. Superior Ct. 573; *Hagen v. Standard Oil Co.,* 119 Pa. Superior Ct. 337, 181 A. 458. Whatever inconsistency or conflict appears in plaintiff's testimony on direct and cross-examination is for the jury to decide: *Ford v. Reinoehl,* 120 Pa. Superior Ct. 285, 182 A. 120; *Greene v. Philadelphia,* 279 Pa. 389, 124 A. 134; *O'Farrell v. Mawson,* 320 Pa. 316, 182 A. 538.

Appellant argues the testimony, that borough employees made repairs upon the sidewalk, was not sufficient upon which an implied acceptance by the borough could be sustained. North Third Street was built upon a plan of lots recorded in 1889 and was recognized as a public highway fifty feet in width by the Township of Penn in 1909, when it applied for State aid and a contract was then let by the State for its improvement. From that time on until some years after its annexation in 1926 to the appellant borough, it was maintained as a State-aid highway. By the annexation to the borough, the highway passed from the control of the township and became part of the street system of the borough: *Chambers v. Braddock Boro.,* 34 Pa. Superior Ct. 407. In addition, we find acts of the borough from which acceptance may be implied. See *Gass v. City of Pittsburgh,* 91 Pa. Superior Ct. 290. It adopted an

ordinance fixing the grade of the street and entered into a contract for its resurfacing and curbing, which later was cancelled except as to the curbing, for which liens were filed by the borough. During all these years, it was used as a public highway. This testimony was sufficient to fix liability upon the borough to keep North Third Street in a safe condition. "It is undoubtedly true that a highway may be maintained as a country road within a borough or city in districts not built up or thickly settled. ......In the closely built up portions of such a municipality it is the duty of the authorities to keep the entire street and sidewalks in a safe condition:" *Chambers v. Braddock Boro.*, supra. The evidence shows that within the block upon which the accident occurred, houses were built upon both sides and sidewalks were maintained; that in 1929 employees of the borough filled in at the location of the hole; and the sidewalk, upon which plaintiff was injured, was in general use by the public prior to the annexation by the borough and down to the time of the accident. "If the plaintiff walked where people were accustomed to walk and fell into what proved to be a pit for the existence of which the city was responsible it ought not to be declared as a matter of law that there was no liability for such action or non-action by the municipality": *Klein v. Philadelphia*, 62 Pa. Superior Ct. 121, 125. To us, it appears that the sidewalk upon North Third Street was part of the highway, for which the borough was responsible, unless it had been relieved by the adoption of the street as part of a State highway route.

The application for State aid by Penn Township and the County of Westmoreland was evidently under the Act of May 1, 1905, P. L. 318, as amended by the Act of June 8, 1907, P. L. 505. Under various sections, it is provided that the Commonwealth shall not be liable for damages arising from the rebuilding or improving

of any highways, nor shall the State engage to keep such highways in repair. Both of these acts were later repealed by the Sproul Act of May 31, 1911, P. L. 468, which established the State Highway Department, and under which, with its various amendments and supplements, the highways of the Commonwealth have been administered down to the present time. When the State took over certain highways in townships and counties, under the Sproul Act, it was provided that the highways should be constructed, improved and maintained by the State Highway Department at the sole expense of the Commonwealth and that they were to be under the exclusive jurisdiction of the State Highway Department: *Brunacci v. Plains Township,* 315 Pa. 391, 173 A. 329. By other sections of the act, counties and townships, upon compliance with the provisions of the act, are entitled to receive the aid and cooperation of the State in the improvement and subsequent maintenance of any road or highway in any county or township of the Commonwealth not defined as a State highway, but nowhere does it appear that a township or county is relieved from liability for injury and damage caused by the failure to properly maintain a State-aid highway; so that North Third Street, prior to the time it was annexed to the Borough of Jeannette, was a street or highway for which the Township of Penn was liable. After the annexation, the liability for its maintenance rested upon Jeannette Borough.

The record is not clear as to what portion of the street was maintained by the State Highway Department prior to the annexation; but it is clear that from 1929 to the date of the accident, the State maintained only that portion of the highway between the curbing. Section 10 of the Act of 1911, supra, amended by the Act of June 1, 1933, P. L. 1402, provides: "Anything herein contained, or any apportionment of the State into highway districts, shall not be construed as in-

cluding or in any manner interfering with the roads, streets, and highways in any of the cities, boroughs, or incorporated towns of the Commonwealth: Provided, That where any road, street, or highway shall form a part or section of any State highway, as now or hereafter established, within the limits of any borough or incorporated town, the Department of Highways shall improve or reconstruct any section or sections of such road, street, or highway which have heretofore been maintained or are hereafter established as State highways to be maintained by the Department of Highways, to such width as it may deem advisable, at the expense of the Commonwealth.

"The maintenance of any road, street, or highway which forms a part or section of any State highway, as now or hereafter established, within the limits of any borough or incorporated town, shall be done by the Department of Highways at the expense of the Commonwealth: Provided, That all improvements, reconstruction, and maintenance of any road, street, or highway in boroughs or incorporated towns shall be of such width and type as may be determined by the Secretary of Highways."

The Acts of May 7, 1929, P. L. 1596 and June 23, 1931, P. L. 920 have no application, as they relate to the relocation and change of width of State highways in boroughs. See *Farmers Trust Co. v. Cumberland County Commissioners*, 20 D. & C. 271.

It will be noted that prior to the amendment of section 10 by the Act of May 16, 1929, P. L. 1775, a portion of the expense of maintaining a State highway within the limits of a borough was to be borne by the borough. This change of language does not change the liability of a borough for the maintenance of such highways. "It is obvious that the assumption by state officials of the duty of improving or reconstructing the highway, according to the standards of the state highway depart-

ment, in no way relieves boroughs of the fundamental duty to keep its highways safe and free from obstructions. We agree with the court below that 'a street within a borough is none the less a borough street because the state highway department may have constructed it at the expense of the State' ": *McCracken v. Curwensville Boro.*, 309 Pa. 98, 163 A. 217. But aside from this rule, the act provides that the Secretary of Highways shall determine the width of any road, street or highway in boroughs or incorporated towns that shall be improved, reconstructed and maintained by the Department of Highways. In fixing North Third Street as a part of a State highway route, it does not follow that the entire street including the sidewalks becomes a part of such highway. The act does not attempt to fix the width of the highway, and in the absence of evidence establishing a formal adoption of the entire street as originally plotted, we must find that the width, as determined by the Secretary of Highways, was such portion as was actually improved and maintained. As we have heretofore stated, the Highway Department maintained only that portion between the curbing. It follows that the sidewalks remained under the control of the borough and it is, therefore, responsible for their condition.

Appellant further argues that the court erred in admitting testimony that borough employees fenced in the hole after the accident. This testimony was admitted solely for the purpose of showing that the borough had the control over the location of the hole; for this purpose the testimony was properly admitted: *Brown v. Towanda Boro.*, 24 Pa. Superior Ct. 378; *Baran v. Reading Iron Co.*, 202 Pa. 274, 51 A. 979; *Woodring v. Metropolitan Edison Co.*, 108 Pa. Superior Ct. 431, 164 A. 921.

The assignments of error are overruled and the judgment is affirmed.