## Bateman (et al., Appellant) *v.* Zorocoff et al.

Argued October 3, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Albert H. Wernick,* with him *Maurice Marmon,* for appellant.

*D. Byrne Flynn,* with him *Maurice W. Sloan,* for appellee.

OPINION BY STADTFELD, J., November 21, 1938:

This is an action in trespass brought by Mary J. Bateman and James J. Bateman, her husband, to recover damages for personal injuries sustained by Mary J. Bateman when she was struck by a truck owned by the defendants. The accident occurred on August 14, 1935, between 9:30 and 10:30 o'clock A.M. on Front Street between Dauphin Street and Susquehanna Avenue in the city of Philadelphia. The truck was being operated by an employe of the defendants south on Front Street and struck Mary J. Bateman while she was crossing that street from the east to the west side thereof at a point about 100 to 125 feet south of the south curbline of Dauphin Street. Subsequently, the plaintiff, Mary J. Bateman, died and the other plaintiff, James J. Bateman, her administrator, was substituted by suggestion of death filed on November

12, 1936. Thereafter, James J. Bateman, the administrator of Mary J. Bateman, died and William J. Bateman was substituted as administrator d. b. n. in place of Mary J. Bateman by suggestion of death filed October 5, 1937. No one was substituted in place of James J. Bateman as plaintiff.

The case was tried before Bok, P. J. and a jury, and resulted in a verdict of $500 in favor of the wife-plaintiff. Defendants filed a motion for judgment n. o. v. which was granted by the court below. This appeal followed.

On a motion by defendant for judgment n. o. v., the testimony should not only be read in the light most advantageous to the plaintiff, with all conflicts resolved in her favor, but she must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence: *O'Brien v. Jeannette Boro.*, 128 Pa. Superior Ct. 443, 194 A. 314.

The ownership of the truck and the agency of the operator were admitted.

Front Street, according to the testimony, is 34 feet wide between curbs and runs substantially north and south; the sidewalks on each side of that street are 13 feet wide. Dauphin Street, being 26 feet wide with 12 foot sidewalks, meets the west side of Front Street at right angles, and turning toward the southeast, runs off the east side of Front Street at about a 45 degree angle.

The only witness on behalf of plaintiffs, concerning the happening of the accident, was one Jacob B. Daley. Mr. Daley testified that at the time of the accident, he was walking south on the west side of Front Street near the house line; that he had reached a point about twenty feet south of Dauphin Street when he for the first time, noticed Mary J. Bateman. When he first saw her, she was walking across Front Street from the east to the west side; that she was about 150 feet south of Dauphin

Street and therefore considerably below the regular crossing for pedestrians, and had reached a point east of the northbound trolley tracks on Front Street; that his view of Mary J. Bateman was immediately obstructed by the defendants' truck which had just passed him going south on Front Street straddling the west rail of the southbound trolley tracks; that he did not again see Mary J. Bateman until the truck struck her: that the right front corner of the truck struck her when she was at a point about 120 feet south of the witness' position which was 20 feet south of Dauphin Street; that at the time the truck struck her, it was straddling the west rail of the southbound trolley tracks on Front Street; that the truck knocked her down so that she was lying in the street about five feet from the west curb of Front Street; that the truck traveled about 10 feet after hitting her before it stopped; that the wheels of the truck did not pass over her; that at the time of the accident, no automobiles were parked on either the east or the west side of Front Street between Dauphin Street and the scene of the accident; that it was a clear, sunshiny day and that no traffic was moving north or south on Front Street near the scene of the accident; that there was nothing to obstruct Mary J. Bateman's view of the truck or the truck driver's view of Mary J. Bateman.

There was no evidence of excessive speed in the operation of the truck. Both the driver and Mrs. Bateman were in full view of each other when the truck was 150 feet away. Their lines of travel intersected at right angles. The evidence shows that both continued to move along their respective lines of travel without deviation or increase of speed until they collided; the truck stopped within 10 feet. Both parties were equally at fault. Either the injured woman saw the oncoming truck and walked in front of it, or she crossed the street at other than an authorized crossing, without looking and continuing to look. In

either view, she would be guilty of contributory negligence and cannot recover: *Fearn v. City of Phila.*, 320 Pa. 156, 182 A. 534; *Carnevale v. McCrady-Rodgers Co.*, 318 Pa. 369, 178 A. 472. Where the facts show contributory negligence on the part of a pedestrian, the court is bound to declare it as a matter of law: *Goff v. College Hill Boro. et al.*, 299 Pa. 343, 347, 149 A. 477.

The judgment of the court below is affirmed.