## Finer v. Phillipy

*H. W. Lehrman* and *H. F. Dowling*, for plaintiff.
*Caldwell, Fox & Stower*, for defendant.

RUPP, P. J., October 18, 1948.—Leonard S. Finer instituted an action in trespass to recover for personal injuries and property damage sustained when an automobile driven by Raymond P. Phillipy first struck Finer and then collided with his parked car.

The accident occurred at about 7:30 p.m. on January 15, 1946, along Route 422, in Swatara Township, Dauphin County, at a point approximately three miles east of the City of Harrisburg.

Phillipy counterclaimed to recover for personal injuries and damage to his car, alleging that the accident was caused by Finer's negligence in parking in violation of section 1019(a) of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 5, 1937, P. L. 1718, 75 PS §611. Paragraph (a) reads, in part, as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway. . . ."

The two actions were tried together and the jury found for Phillipy in both cases.

Finer has moved for a new trial, assigning as a reason therefor the court's denial of his counsel's motion for the withdrawal of a juror because of an allegedly prejudicial statement made by counsel for Phillipy in his opening remarks to the jury.

The statement was to the effect that a State policeman who came upon the scene shortly after the accident prosecuted Finer for illegal parking.

At side bar counsel for Phillipy asked "leave to say to the jury that the State policeman, who came upon this scene, prosecuted Mr. Finer for illegally parking; and that Mr. Finer, having an option of attending a hearing, or waiving a hearing, or pleading guilty by mailing in a fine, mailed in the fine and costs." Counsel added: "We are prepared to offer the certified record of the justice of the peace."

The court refused this request and instructed the jury as follows:

". . . at least for the purpose of opening, we say to you that you are to ignore any statements made to you by counsel with respect to a prosecution by the State police of this plaintiff. You are to ignore it. In other words, you are to take it out of your minds entirely."

During the course of the trial, counsel for Phillipy offered to prove the aforesaid prosecution before a justice of the peace in Swatara Township, Dauphin County, and that Finer, a resident of Philadelphia, after receiving the usual notice, sent the justice of the peace the fine and costs. It was the contention of counsel that this constituted a plea of guilty to the charge of illegal parking and therefore was admissible as a declaration against interest. The court disallowed the offer on the ground that the payment of the fine and costs did not amount to a plea of guilty.

Did the court err in refusing to grant the motion for the withdrawal of a juror?

It repeatedly has been held that the withdrawal of a juror because of alleged improper remarks of counsel is a matter resting within the sound discretion of the trial court: Wilhelm v. Uttenweiler, 271 Pa. 451 (1920); Carroll v. Hannan, 289 Pa. 65 (1927); Donahue v. Punxsutawney Borough, 298 Pa. 77 (1929); Woodring v. Metropolitan Edison Co., 108 Pa. Superior Ct. 431 (1933).

It should be noted that the only negligence charged to Finer was that he parked illegally. In opening to the jury, counsel for both parties indicated, and as the trial progressed it became evident, that this was the most important issue for the jury's determination. The State policeman involved testified on behalf of Phillipy, the effect of his testimony being that the Finer car was parked illegally.

Generally, State policemen are held in high esteem as unbiased law enforcement officers of the Commonwealth. Under all the circumstances of this case, we are not prepared to say that a statement that such an officer prosecuted Finer for illegal parking did not tend to prejudice Finer in the eyes of the jury, despite the court's instructions that the statement be ignored.

Accordingly, we are of the opinion that a new trial should be granted.

In view of this holding, we see no necessity for discussing the other reasons assigned by Finer in support of his motion, with one exception—we are satisfied that the polling of the jury disclosed that Juror No. 7, Ida Bishop, was confused and did not comprehend the verdicts. For this additional reason, the verdicts cannot stand.

And now, October 18, 1948, the motion for a new trial is hereby granted.