Fuller et ux., Appellants, *v.* Commonwealth.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before HOOK, P. J.

*W. Robert Thompson,* with him *R. Wallace Maxwell,* and *Thompson and Baily,* for appellants.

*Robert W. Cunliffe,* Assistant Attorney General, with him *John R. Rezzolla,* Chief Counsel, and *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY FLOOD, J., January 16, 1962:

When the Department of Highways reconstructed High Street in the Borough of Waynesburg, in 1956, the grade of the roadway in front of the plaintiffs'

property was lowered and a new curb was laid below the existing pavement. In the course of laying the curb the contractor broke a part of the pavement, extending at one point eight to ten inches back from the curb. As a result, the plaintiffs were ordered by the borough authorities to make their pavement safe and were compelled to have a new pavement laid at their own expense.

The plaintiffs brought proceedings against the Commonwealth before a board of view. After the board denied recovery, they appealed to the court of common pleas and recovered a verdict for $500, but the court entered judgment n.o.v. in favor of the Commonwealth upon the ground that there was no taking of the plaintiffs' property.

Since there can be no recovery from the Commonwealth for damages resulting merely from a change of grade this holding seems obviously correct. *Burkholder v. Commonwealth,* 347 Pa. 478, 32 A. 2d 745 (1943). The Commonwealth did not enter upon the plaintiffs' property except to build a new curb at the new grade, which would seem to constitute a benefit to them. Cf. *Burkholder v. Commonwealth,* supra. Moreover, unless there was a taking beyond the line of the roadway reconstructed by the Commonwealth, the breaking of their pavement is merely consequential damages for which the Commonwealth cannot be held liable. *Culver v. Commonwealth,* 346 Pa. 262, 29 A. 2d 531 (1943); *Moyer v. Commonwealth,* 183 Pa. Superior Ct. 333, 132 A. 2d 902 (1957).

Plaintiffs contend, however, that the plans for the reconstruction of High Street approved by the Governor on April 9, 1956, unlike previous plans, called not merely for a thirty-six foot roadway, but for a fifty-nine foot right of way which included plaintiffs' entire sidewalk up to the houseline, that this constituted a taking of this additional land and when the Common-

wealth, through its contractor, thereafter entered upon this additional land, by constructing a nine inch curb in place of the existing six inch curb and breaking the pavement to construct this curb, there was such an appropriation as rendered the Commonwealth liable in damages for taking plaintiffs' property.

The question is whether what was done here constituted a taking of any part of plaintiffs' sidewalk so as to make the Commonwealth liable to its owners. To sustain their position that there was a taking, the plaintiffs rely on §210, as amended, of the State Highway Law of June 1, 1945, P. L. 1242, Art. II, 36 PS §670-210, which reads as follows:

"The secretary is hereby empowered to change, alter, or establish the width, lines, location, or grades of any State highway or any intersecting road in any township, borough, or incorporated town, in such manner as, in his discretion, may seem best, in order to correct danger or inconvenience to the traveling public, or lessen the cost to the Commonwealth in the construction, reconstruction, or maintenance thereof . . . Before any change . . . is made, the secretary shall first submit a plan of the proposed change . . . duly acknowledged to the Governor; and the same shall be approved by him, and filed as a public record in the office of the department and a copy thereof shall be recorded in the office for the recording of deeds in the proper county at the expense of the department in a plan book or books provided by the county for that purpose. The approval of such plan or plans by the Governor shall be considered to be the condemnation of an easement for highway purposes from all property within the lines marked as required for right of way and the condemnation of an easement of support or protection from all property within the lines marked as required for slopes . . ."

We are not persuaded that the approval and filing of plans on which the fifty-nine foot lines were marked "Legal Right of Way" constituted a condemnation of all property within those fifty-nine foot lines. The phrase "legal right of way" is not found in §210, quoted above, which talks only of "lines marked as required for right of way". Nor is it found in any of the other relevant statutory provisions. The phrase literally means a right of way authorized by law. It describes many different kinds of right of way. We must therefore look to the surrounding circumstances to determine what it means in this case.

Plaintiff contends that it means, on the plan filed here, a line establishing the width of the highway under §210, so that compensation is payable for the taking at once. However nothing in the case so indicates. None of the circumstances draw us toward the conclusion that the words "Legal Right of Way Line" were placed on the map for the purpose of condemning a new and expanded right of way.

(a) No additional area was paved. The repaved roadway covered exactly the same area which the Commonwealth had earlier taken over as a State highway and had repaved in 1944.

(b) The old roadway clearly appeared on the plan between the curb lines with no indication of any expansion of roadway over the old curbs or sidewalks. Moreover the space between the curbs on the plan is marked "36' Roadway".

(c) The space beyond this thirty-six feet wide roadway was clearly marked: "Stone Walk" or "Conc. Walk". There is nothing to show that it was to be made part of the roadway.

Since we conclude that the phrase "legal right of way" was not placed on the plan in order to determine the width of the road which was about to be reconstructed by the Commonwealth, we need not determine

why it was placed there. It is pertinent to observe, however, that the records of the Borough of Waynesburg indicate the right of way of High Street as having been fifty-nine or sixty feet for many years, while the width of the roadway has been thirty-six feet. The roadway width of thirty-six feet appears in the borough ordinance of September 17, 1907 and upon other borough records introduced into evidence. The borough street records, made by the borough engineer, all show a right of way of either fifty-nine or sixty feet. While the date when these records were made does not appear in the evidence, all of the evidence as to the houseline indicates that the right of way in front of plaintiffs' property has long been fifty-nine feet but only thirty-six feet of this width has been roadway, paved and maintained by the borough originally, and by the Department of Highways since 1944.

It may well be, in view of these facts, that the draftsman of the plan was merely sketching in the right of way line for High Street fixed by the borough as a street line or proposed street line under the applicable provisions of The Borough Code of May 4, 1927, P. L. 519, Art. XVI, as amended, 53 PS §46601 et seq., or one of the earlier statutes from which some of these sections of The Borough Code were derived: Act of May 14, 1915, P. L. 312; Act of April 3, 1851, P. L. 320.

In any event, it seems clear that the plaintiffs have not sustained their burden of showing a taking of any part of their sidewalk. On the contrary, the evidence leads us to conclude that there was no such taking.

The case of *Koontz v. Commonwealth,* 364 Pa. 145, 70 A. 2d 308 (1950), relied upon by the plaintiffs is clearly distinguishable. There the line marked "Legal Right of Way" ran along the boundary of the actual roadway and the evidence showed an intention to widen the roadway by four and one half inches to four

and three quarter inches at the expense of the Koontz property. This clearly indicates a taking of the plaintiff's property. But in the absence of evidence to the contrary, the width of a state highway is such portion as is actually improved and maintained. Cf. *O'Brien v. Jeannette Borough*, 128 Pa. Superior Ct. 443, 452, 194 A. 314, 317-318 (1937).

The position taken by the parties in this case confirms our conclusion. On the one hand, the Commonwealth has expressly renounced any intention to take any property beyond the line of the roadway actually paved. On the other hand, the plaintiffs have made no effort to prove or collect the damages which would accrue to them if there were an actual taking of their property up to what is referred to as the "Legal Right of Way Line" which would include, among other things, loss of access through the front door of their property and other damage far in excess of the cost of reconstructing their pavement.

There was no taking here such as entitled the plaintiffs to damages from the Commonwealth. The damage to the plaintiffs' property resulted chiefly from the change of grade which is not compensable. Insofar as any of it resulted from other reasons, it is consequential damage and no recovery for it can be had from the Commonwealth.

Order affirmed.

MONTGOMERY, J., would affirm upon the opinion of President Judge HOOK for the Court below.

---

DISSENTING OPINION BY WRIGHT, J.:

I am in accord with the position of the majority (1) that there can be no recovery from the Commonwealth for damages resulting merely from a change of grade; (2) that the Commonwealth is not liable for con-

sequential damages resulting from the improvement of a state highway within a borough; (3) and that, at least so far as this record is concerned, the words "legal right of way line" do not have the same meaning as the words "required right of way line". However, it appears that the curb was widened from six inches to nine inches, and that there actually was a taking beyond the thirty-six foot paved cartway. The contractor testified that the breaking of the sidewalk was a necessary part of the work, and that the Highway Department had authorized him to go as far back as one foot in order to install the curb forms which the Highway Department required him to use. In the opinion below these forms are designated as "necessary forms for the construction of the curbs". In other words, the curb could not have been built without invading the sidewalk area, and this the Commonwealth knew and authorized, and in fact required. Appellants' damages were not occasioned, as the majority implies, by the change of grade, but by the additional taking for the wider curb.

One of our proud boasts as citizens of this great republic is that our courts protect the rights of the individual even against the strong arm of the state itself. I conceive it to be our duty to protect the citizens of the Borough of Waynesburg from the apparent failure of the Commonwealth to insert in this construction contract a requirement that the sidewalk damage be repaired by the contractor. I would reverse and direct the entry of judgment on the verdict.

WATKINS, J., joins in this dissent.